CASE 20—PETITION EQUITY—APRIL 24.

# Davis vs. Morton, Galt & Co.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1.  *A set-off allowed by the laws of this State,* where the suit was brought, *though not allowed by the laws of Tennessee,* where the note was executed, *can be legally set up* by way of defense.

   By the Code of Tennessee, promissory notes are "negotiable in the same manner as inland bills of exchange, by the custom of merchants."

   In Kentucky such promissory notes are assignable under statute, subject to all the equities and defenses existing between the original parties, and any payments, or offsets, before notice of assignment; whilst in Tennessee they are regarded as commercial paper, and not liable to such defenses, in the hands of an assignee in good faith, who had taken it in the usual course of business.

Davis vs. Morton, Galt & Co.

2.  A set-off allowed by the local law is to be treated as part of the remedy, and, therefore, it is admissible in claims between persons belonging to different States or countries, although it may not be admissible by the law of the country where the debt, which is sued on, was contracted. (*Story on Conflict of Laws, secs.* 575, 581; 2 *Parsons on Notes and Bills, p.* 375.)

3.  When a contract is made in one State, to be performed in a second, is enforced in a third, the law of the last alone, and not of the other two, will govern the case as to the remedy. (*Campbell vs. Steiner,* 6 *Dow,* 116.)

4.  The law of set-off, and the law of tender, belong rather to the remedy than the substance, and therefore are always regulated by the laws of the State in which the action is brought, and not by that in which the note sued upon was made. (2 *Parsons on Notes and Bills,* 375.)

5.  A set-off not allowed by the laws of this State, where the suit was brought, though allowed by the laws of Ohio, where the contract was made, could not be legally set up by way of defense. (*Bank of Galipolis vs. Trimble, &c.,* 6 *B. Mon.,* 599; *Kelly vs. Smith & Shotwell,* 1 *Met.,* 317.)

6.  Remedies upon contracts and their incidents are regulated and pursued according to the place where the action is instituted, and the *lex loci* has no application. The *lex loci* acts upon the rights; the *lex fori* on the remedy.

Wм. Atwood,                          For Appellant,

CITED.

2 *Parsons on Notes and Bills, p.* 375.

*Story on Conflict of Laws,* 4th ed., *sec.* 575.

6 *B. Mon.,* 599; *Bank of Galipolis vs. Trimble.*

*Revised Statutes, sec.* 6, *chap.* 22, 1 *Stant.,* 268.

2 *Met.,* 294; *Walker vs. McKay.*

1 *Met.,* 112; *Graham vs. Tilford & Barkley.*

2 *Mar.,* 201–2; *Bowman vs. Halstead.*

3 *Mar.,* 412; *Ridgeway vs. Collins.*

4 *Met.,* 177; *Taylor vs. Stowell.*

7 *Mon.,* 456; *Tribble vs. Taul.*

Davis vs. Morton, Galt & Co.

WM. MIX,                                    For Appellees,

CITED—

Code of Tenn., secs. 1956 to 1967.

1 Met., 317; Kelly vs. Smith.

Story on Promissory Notes, secs. 242, 244, 266 to 270.

4 Cowan, 510; 2 Kent's Com., sec. 39, p. 457.

8 Peters, 361; Bank of U. S. vs. Donelly.

13 Peters, 378–9; Wilcox vs. Hunt.

1 Bing. New Cases, 159, 161.

Story on Conflict of Laws, secs. 353, 565, 566.

Cook's Rep., 325; Smith vs. Lurey.

6 Yerger, 387–91; Hunt vs. Sandford and Cook.

2 Caldwell's Rep., 41; Edwards vs. Porter, &c.

10 Yerger, 429; Nichols, Hill & Co. vs. Bate.

8 Humphrey, 127; Holman, &c., vs. Hobson, &c.

2 Humphrey, 192; Van Wick vs. Norvell, &c.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a suit by Morton, Galt & Co., as remote assignees, against appellant, as maker of a note at Memphis, Tennessee, to the order of E. R. Hart, for one thousand one hundred and sixty-six dollars and sixty-six cents, due in nine months, payable at First National Bank, Memphis, and assigned first to Wyatt & Griswold, and by them to appellees.

There were numerous amended pleadings, including petitions, answers, and replies; but the last amended petition, and the answer thereto, present the true legal question in the case, which is, whether the answer presented such a defense by way of set-off against the payee as can be legally recognized. A demurrer being sustained thereto, a reversal thereof is sought.

This last amended petition sets out sections 1956 and 1957, Tennessee Code, which, they insist, forbid such a defense, and which are as follows:

"Every note, whereby the maker promises to pay money to any other person or order, or the order of any other person, shall be negotiable in the same manner as inland bills of exchange, by the custom of merchants.

"Every bill, bond, or note for money, whether sealed or not, and whether expressed to be payable to order or for value received or not, shall be negotiable in the same manner as promissory notes."

This amended petition avers that Morton, Galt & Co. took said assignment before the note was due, and in the usual course of business.

The answer does not controvert the Tennessee law, as set out and quoted, but does deny that appellees received the assignment of the note in the usual course of business, and then sets out a set-off of two hundred and seventy-seven dollars for money had and received by the payee in the note to defendant's use after its making, and before he had notice of any assignment thereof. But whether the assignments were made in Tennessee, Kentucky, or elsewhere, is not averred in the pleadings.

Even if this note should, for all purposes, be regarded as an inland bill of exchange, yet, as it is denied that the plaintiff received the note in the usual course of business, it would be subject to any legal or equitable offsets as between the original parties. Both appellees and appellant regarded this averment as equivalent to saying, that the former were *bona fide* holders of said paper, which had been put in circulation.

But the formidable question, argued by the counsel and determined by the court below, is, whether the set-off can be so far a legal defense, as the suit was brought in this State, though appellees be *bona fide* holders? Such paper in this State would be a promissory note, assignable under our statutes, subject, however, to all the equities and de-

fences existing between the original parties, and any payments or offsets before notice of assignment; whilst, by the statutes and numerous decisions of the Supreme Court of Tennessee, it would be regarded as commercial paper, and not liable to such defenses in the hands of an assignee in good faith, who had taken it in the usual course of business.

In *Story on Conflict of Laws, section* 575, it is said : "As to set-off or compensation, it is held in the courts of common law, that a set-off to any action allowed by the local law, *is to be treated as part of the remedy;* and that, therefore, it is admissible in claims between persons belonging to different States or countries, although it may not be admissible by the law of the country where the debt which is sued, was contracted."

In section 581, the same author says: "The common law has firmly fixed its own doctrine, that the prescription of the *lex fori* must prevail in all cases of personal actions. In all cases of real actions, and actions touching things savoring of the realty, the prescription of the law *rei sitæ* is also to prevail; and as, by the common law, no action of this sort can be brought *ex directo*, except in the place *rei sitæ*, it follows that the *lex fori* governs, as a universal rule, applicable to all cases."

In the case of *Campbell vs. Steiner* (6 *Dow*, 116), which was on a bill of costs in the House of Lords, in England, where the creditor resided; but the suit was in the Scotch courts, where the defendant resided; and it was a question whether the English or Scotch rule of prescription was to be applied, Lord Eldon held, "that the law of the domicile of the debtor was there allowed to prevent the plaintiff from recovering. It was because the creditor must follow his debtor, and must sue him where he resides; and by the necessity of that case, was obliged

to sue him in Scotland. In that respect, therefore, there was in that case no difference between the *lex loci solu-tionis* and the *lex fori;* and it must be admitted that, in such case, the rules of evidence, and, if so, the rules of practice, may be varied, as they are applied in one court or the other; but governing all these cases is the principle, *that the law of the country where the contract is to be enforced must prevail in enforcing such contract,* though it is conceded that the *lex loci contractus* may be referred to for the purpose of expounding it. If, therefore, the contract is made in one country, to be performed in a second, *and is enforced in a third, the law of the last alone, and not of the other two, will govern the case."*

In 2 *Parsons on Notes and Bills, page* 375, it is said, that "the law of set-off and the law of tender belong rather to the remedy than to the substance, and, therefore, are *always regulated by the laws of the State in which the action is brought,* and not by that in which the note sued upon was made."

So in *Bank of Galipolis vs. Trimble, &c.* (6 *B. Mon.*, 599), this court held, that a set-off not allowed by the laws of this State, where the suit was brought, though allowed by the laws of Ohio, where the contract was made, could not be legally set up by way of defense.

And to same effect is the case of *Kelly & Co. vs. Smith & Shotwell* (1 *Met.*, 317), which was a suit by the holders of a foreign, or Louisiana bill of exchange, against the appellants, as the Kentucky acceptors, and in which the court determined, as Smith & Shotwell were *bona fide* holders, no failure of consideration as between the original parties could here be set up.

Kent, in Lecture 39, 2d volume Commentaries, page 462, says: "Remedies upon contracts and their incidents are regulated and pursued according to the law of the place

where the action is instituted, and the *lex loci* has no application. *Actor sequiter forum rei.* The *lex loci* acts upon the rights ; the *lex fori* on the remedy. This is the rule in all civilized countries ; and it has become part of the *jus gentium.* The comity of nations is sufficiently satisfied in allowing to foreigners the use of the remedies, and to the same extent that are afforded to the citizens of the State."

And this court has recently decided, in *Carlisle, &c., vs. Chambers* (4 *Bush*, 268), that, upon a Kentucky assignment of a note payable in Ohio, which, by the laws of that State, was commercial paper, and the indorser's liability fixed by protest, yet as it was but a promissory note, by the laws of Kentucky the assignor's liability could only be fixed by suit with due diligence against the maker, thereby manifesting his legal insolvency.

A set-off is but a part of the remedy ; and as this paper would be regarded by the laws of Kentucky a mere promissory note, to which the right of set-off would attach, and as comity does not require us to reject any right of defense permissible under our laws because this paper was made in Tennessee, where such defense would not be allowed, and as our own, and all other citizens seeking our forums, should be satisfied with the administration of remedies according to our laws, this set-off, if established according to the allegations of the answer, should be allowed.

Wherefore, the judgment is reversed, with directions for further proceedings, as herein indicated.