Stevens v. Gregg, &c.

CASE 69—PETITION ORDINARY—JANUARY 23.

| 89 | 461 |
| f 102 | 347 |

| 89 | 461 |
| 119 | 633 |

# Stevens v. Gregg, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. CONFLICT OF LAWS—BILLS OF EXCHANGE—SET-OFF.—Where a contract is made with reference to the common or general law, such contract is subject to any remedy allowed by the State in which it is attempted to enforce it, though such remedy may be unknown to the State in which the contract was made; but if the contract is to be executed in a particular State, then the statutory law of that State fixing the character of such contract and denying the right to make certain defenses to it becomes a part of the contract, and the comity existing between the States forbids the allowing of such defenses in any other State to which the party may be compelled to resort for remedy for a breach of the contract.

In an action in this State upon a promissory note payable in Ohio, the note sued on, being placed by the law of Ohio upon the footing of a bill of exchange, is to be treated here as a bill of exchange, and is not subject, in the hands of the plaintiff, who is an innocent holder, to a set-off which existed in favor of the payor against antecedent parties.

2. CASE OVERRULED.—The case of Davis v. Morton, Galt & Co., 5 Bush, 160, in so far as it conflicts with this, is overruled.

3. IN ORDER TO PLACE A PROMISSORY NOTE UPON THE FOOTING OF A BILL OF EXCHANGE under the statute of this State, such note must be payable and negotiable at some bank incorporated under some law of this State, or organized in this State under some law of the United States, and indorsed to and discounted by the bank at which it is made payable.

C. L. RAISON, JR., AND GEO. H. AHLERING FOR APPELLANT.

1. The right of set-off pertains to the remedy, and is governed by the law of the place where the action is brought. (Davis v. Morton, 5 Bush, 161; Kelly v. Smith, 1 Met., 317; Bank v. Trimble, 6 B. M., 603; Beard v. Boyse, 7 B. M., 144; Bank v. Hemingray, 31 Ohio State, 168; Ingraham v. Arnold, 1 J. J. Mar., 407; Bank of Galipolis v. Trimble, &c., 6 B. M., 601; Kelly & Co. v. Smith & Shotwell, 1 Met., 317; 2 Kent's Com., 462; McDonald v. Underhill, 10 Bush, 588; Wait's Actions and Defenses, vol. 7, p. 474; Lavary v. Lavary, 3 Clark (Iowa), 271; Bank v. Donally, 8 Peters, 978.)

2. Promissory notes made negotiable and payable at a bank in Kentucky,

if negotiated by a bank chartered by Kentucky, have the legal character of foreign bills of exchange, but if not so negotiated, they are simply promissory notes. (Drake v. Johnson, Hardin, 218; Stapp v. Anderson, 1 Mar., 540; Sanders v. Bank of Kentucky, 2 Mar., 348; Carlisle v. Chambers, 4 Bush, 271; Duncan v. Louisville, 13 Bush, 380.)

3. The reply was an entire departure from the cause of action as set out in the petition. The action was simply upon a promissory note, but the reply changed it to an action upon a promissory note placed upon the footing of a bill of exchange. If the plaintiff intended to rely upon the law of Ohio, and upon the fact that the note was an Ohio contract, that issue should have been made in his petition.

4. The statute set up in the reply did not change the rights of the parties in any respect from what they were under the Kentucky statute. The only effect of the section of the statute pleaded was to show that plaintiff could maintain the action in his own name.

5. The reply was not verified, and, therefore, should not have been filed.

GEORGE WASHINGTON FOR APPELLEE.

1. Appellee is an innocent holder for value of the note sued on. The pleadings and agreed evidence show it, and the legal presumption is that way. (2 Met., 534; Parsons' Mer. Law, p. 103; 8 Wend., 600; 8 N. H., 334; 19 Maine, 232; 1 Met. (Mass.), 369; 17 Vt., 299; 7 C. and P., 400; 4 A. and E., 838.)

2. Such a note is, in Ohio, 'a bill of exchange. (Rev. Stat. of Ohio, Div. II, chap. 2, sec. 3171; Carlisle v. Chambers, 4 Bush, 268, 271.)

3. The note is to be governed as to its validity, nature, obligation, and interpretation by the law of the place of performance. (Tyler v. Trabue, 8 B. M., 307; Story's Conflict of Laws, 233; 2 Kent's Com., 393, 394; 6 Peters, 203; Kelly & Co. v. Smith, 1 Met., 317; Andrews v. Pond, 13 Peters, 65 ; Short v. Trabue, 4 Met., 299; Wharton's Conflict of Laws, sec. 399; 1 Daniels' Negotiable Inst., secs. 865, 879; Parsons' Mer. Law, p. 95.)

Therefore, as such a note is, in Ohio, treated as a bill of exchange, it must be so treated in Kentucky.

4. As the note sued on has the effect of a bill of exchange, it is not subject to any defense arising out of transactions between the maker and payee. Neither failure of consideration nor fraud itself will avail as against a *bona fide* holder for value. (1 Met., 316; Story on Bills, sec. 14, 188; Johnson v. May, 27 Ohio St., 374, 382; Kingsland, Hook & Co. v. Pryor, 33 Ohio St., 19; White v. Stanley, 29 Ohio St., 423; 2 Ohio St., 480; 2 Parsons on Notes and Bills, p. 603; Spencer v. Biggs, 2 Met., 123; Bliss v. Houghton, 13 N. H., 126; Parker v. Kendall, 3 Vt., 540; Emanuel v. Atwood, 6 Port. (Ala.), 384; 2 Daniel on Neg. Inst., sec. 1435; Fisher v. Leland, 4 Cush., 456;

Waterman on Set-off, pp. 311, 312; Hendricks v. Judah, 1 Johns., 319; Sanford v. Nichols, 4 Johns., 224; Story on Promissory Notes, sec. 178.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant executed and delivered to W. E. Hampton the following note:

"PERSIMMON GROVE, August 14, 1882.

"Twelve months after date I promise to pay to the order of W. E. Hampton ninety-three dollars, at Exchange National Bank, Cincinnati, Ohio; value received, &c.

"J. J. STEVENS."

This note was indorsed and delivered to the appellees in the State of Ohio before its maturity for a valuable consideration, and without any knowledge or information of the existence of the note executed by the payee to the payor, which note the latter attempts to plead as a set-off against the note sued on by the appellees as indorsees. As is shown by the note itself, as well as the admissions of the appellant, it was made payable at the Exchange National Bank, in Cincinnati, Ohio; and it is conclusively shown that it was, before its maturity, for a valuable consideration, and without notice to the appellees of any defenses, legal or equitable, existing between the payor and payee, indorsed by the payee to the appellees.

If said note, according to the law of the State of Ohio, is placed upon the footing of, or is in fact, a bill of exchange, then the question arises, is it, in this State, in the hands of an innocent indorsee, subject to said set-off? First, does the fact that said note was made payable in the State of Ohio impress

it with the character of similar paper executed and made payable in said State? The authorities, the decisions of this court included, all agree that it does.

In Goddin v. Shipley, 7 B. Mon., 577, it is said: "The general principle that a contract referring, by express terms, to a particular place where it is to be performed, is to receive its construction and legal character and effect from the laws of the place thus referred to, is itself so obviously reasonable, and, on the score of authority, so well established, as to preclude all discussion of its correctness."

Second, did the law of Ohio put said note upon the footing of a bill of exchange? We think it did; for the statute of said State then and now in force is as follows: "All bonds, promissory notes, bills of exchange, foreign and inland, and checks for a sum certain, and payable to any person or order, or to any person or assigns, shall be negotiable by indorsement thereon; and all such instruments payable to a person or bearer shall be negotiable by delivery, so as absolutely to transfer and vest the property thereof in each and every indorsee or holder successively." (Rev. Stats. of Ohio, Div. II, chap. 2, sec. 3171.)

There can be no doubt that the above statute places a promissory note, made payable to a person or his order or his assigns, upon the footing of a bill of exchange; and if such note is made payable to a person or bearer, it is placed upon the same footing of a bill of exchange, the only difference being that in the former case the absolute title is vested in the indorsee by the written indorsement of the owner,

which indorsement is required to invest such title. In the latter case the title vests in the indorsee by delivery merely. In either case such note, according to said law, is put upon the footing of a bill of exchange, and is not affected, in the hands of an innocent indorsee, by any equities existing between the antecedent parties to the paper. Such is the immunity of the innocent indorsee of a bill of exchange; and a promissory note under said law, placed upon the same footing, is entitled to the same immunity. The Supreme Court of Ohio and this court (Carlisle v. Chambers, 4 Bush, 268) construe said statute as placing such promissory notes as are therein described upon the same footing of bills of exchange, and are, therefore, not subject, in the hands of an innocent indorsee, to any equities existing between the antecedent parties. Therefore, the third question is, is said note, in this State, subject, in the hands of the appellees as innocent indorsees, to the set-off existing against the indorser?

It is conceded as a general proposition that all defenses are governed by the law of the forum, and not by the place of the contract; that set-offs are creatures of the law of the forum, and may be pleaded to a contract, if allowed by the law of the forum, though not allowed as a defense by the law of the place where the contract was to be executed. But the inquiry is, does the law of this State allow a set-off to be pleaded in a case like this? We think not. Section 19 of the Civil Code of Practice provides: "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any

discount, set-off or defense now allowed ; and if the
assignment be not authorized by statute, the assignor
must be a party, as plaintiff or defendant.    This
section does not apply to bills of exchange, nor to
promissory notes placed upon the footing of bills of
exchange, nor to common orders or checks.''

This section allows, among other defenses, any set-
off that may exist in favor of the payor against any
of the antecedent parties to ''a thing in action'' to be
pleaded against the ''thing,'' though it is in the
hands of an assignee or indorsee for value, and with-
out notice, although the '' thing '' may contain words of
negotiability.  If such paper was in the hands of an
innocent indorsee, a defense existing between the an-
tecedent parties would be allowed, unless such paper,
under our law, is a bill of exchange, or a promissory
note placed upon the footing of a bill of exchange.
While, under our law, to place a promissory note upon
the footing of a bill of exchange, such note must be
payable and negotiable at some bank incorporated un-
der some law of this State, or organized in this State
under some law of the United States, and indorsed
to and discounted by the said bank at which it is
made payable (see General Statutes, chapter 22, sec-
tion 21), yet the Code and statute must be construed
to refer to such promissory note as is made with refer-
ence to the law of this State, or as is made in refer-
ence to any law where its payment may be enforced,
and not to such promissory note as, by the express
statute of another State, has been made, in effect and
fact, a bill of exchange—in other words, placed upon
the footing of a bill of exchange—and such note was

executed with reference to such statute.   Such statute
enters into the vitals of such contract, and must be
looked on as impliedly incorporated in it.   If a con-
tract contains a proviso that it should be absolutely
void if not enforced within a certain time, or that a
set-off should not be pleaded against it in the hands
of an innocent transferee of the contract, there can be
no doubt that such a proviso, being a part of the con-
tract and based upon a sufficient consideration, would
be enforced, notwithstanding it might be restrictive of
the person's rights under the general law of the forum.
Why, then, should not such a proviso, impliedly made
by the law of the place where the contract was to be
executed, be enforced?   In the one case the parties ex-
pressly make the proviso ; in the other the proviso,
as a matter of expressed law, enters into the contract
and becomes a part of it.   In both cases the proviso
is equally a part of the contract, and, in either case,
must be held inviolate wherever the contract is at-
tempted to be enforced.   Where a contract is made
with reference to the common or general law, such
contract is subject to any remedy allowed by the State
in which it is attempted to enforce it, though such
remedy might be unknown to the State in which the
contract was made; but, as we have attempted to
show, if the contract is to be executed in a particular
State, then its statutory law fixing the character of
such contract, and denying the right to make cer-
tain defenses to it, becomes a part of the contract,
and the comity existing between the States forbids
the allowing of such defenses in any other State to
which the party may be compelled to resort for rem-
edy for a breach of the contract.

The case of Carlisle v. Chambers, 4 Bush, 272, aptly illustrates the foregoing views, and is a case directly in point. It is there said: "As payment was to be made in Ohio, the *lex loci solutionis* fixed the character of the documents (promissory notes) indorsed by Carlisle to Chambers, and, as that law made them bills of exchange, the universal law of comity requires their recognition as such."

Accordingly, it must be held that, by the law of Ohio, the paper sued on is placed upon the footing of a bill of exchange; rather, it is a bill of exchange, and it must be so treated here, and, consequently, the defense of set-off existing between the antecedent parties can not be allowed against the appellees, who are innocent indorsees.

The case of Davis v. Morton, Galt & Co., 5 Bush, 160, in so far as it conflicts with this opinion, is overruled.

The judgment is affirmed.