McCORNICK & CO., Bankers, v. NIELSON.

No. 4079.   Decided January 28, 1925.   (233 Pac. 122.)

BILLS AND NOTES—NOTE NOT RENDERED NONNEGOTIABLE BY AGREE-
MENT THEREIN OF MAKERS AND INDORSERS THAT IT MAY BE EX-
TENDED WITHOUT THEIR CONSENT.  A note, which, under Comp.
Laws 1917, § 4030, to be negotiable, must be payable on de-
mand, or at a fixed or determinable future date, is not rendered
nonnegotiable by its provision that its makers and indorsers
agree that it may be extended without their consent.

Appeal from District Court, Seventh District, Sanpete
County; *Dilworth Woolley,* Judge.

Action by McCornick & Co., Bankers, against S. R. Nielson.
Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Lewis Larson,* of Manti, for appellant.

*Gustin & Pence,* of Salt Lake City, and *A. H. Christensen,*
of Manti, for respondent.

GIDEON, C. J.

Respondent, plaintiff below, was given judgment against
appellant, defendant below, upon a promissory note executed
by appellant and made payable to himself.

The note is dated November 6, 1919, and by its terms was
payable on November 15, 1920.  The appellant, being both
maker and payee of the note, indorsed it in blank.  There-
after, on or about December 16, 1919, plaintiff obtained the
note in due course for a valuable consideration from one
Thomas L. Matkins who indorsed it without recourse.

The court found that there was no consideration for the

See (1) 8 C. J. p. 140.

note and that appellant was induced to sign it by reason of certain false representations made by said Matkins. The court also found, however, that the respondent obtained the note without any knowledge or information of its illegality or want of consideration.

The only question presented by this appeal is, as stated in appellant's brief: "Is the note negotiable?" The note is in the usual form. It contains a definite promise to pay at a date certain. The note concludes:

"The makers and indorsers of this note each expressly waive demand, notice of nonpayment, and protest and suit against the maker, and also agree that this note may be extended in whole or in part without their consent."

Appellant's contention is that the words quoted, and particularly the clause "that this note may be extended in whole or in part without their consent," render the note nonnegotiable; that this provision renders the time of payment uncertain; and that certainty is one of the essential elements necessary to make the note negotiable. Comp. Laws Utah 1917, § 4030, one of the sections of the Negotiable Instruments Act. It is provided in that section, to make an instrument negotiable:

"It must be in writing and signed by the maker or drawer; * * * must contain an unconditional promise or order to pay a sum certain in money; * * * must be payable on demand, or at a fixed or determinable future time."

On the question here presented the authorities are not in agreement. In well-considered cases the appellate courts of several states have reached the conclusion that similar language to that found in the instant case renders such instruments nonnegotiable. The author of Brannen's Negotiable Instruments Law (3d Ed.) in section 184, at page 390, in discussing the effect of like provisions in notes, says:

"In the great majority of cases since the Negotiable Instruments Law, such provisions have been held not to impair the negotiability of the instrument."

In support of that statement numerous cases are cited.

Uniformity in construction of the several provisions of the Negotiable Instruments Law is essential, if the objects sought

by the act are to be attained. In addition the reasoning of the courts, which hold that like provisions do not make the instrument nonnegotiable, appeals to us as bottomed on sound logic, and as being in conformity with legal principles. The Supreme Court of Texas, in *National Bank of Commerce* v. *Kenney*, 98 Tex. 300, 83 S. W., at page 371, has very clearly stated the reasons upon which the various courts base their conclusions that to incorporate in a note a statement, such as is found in this note, does not render it nonnegotiable. It is there said:

"The ground upon which it is claimed that the note is non-negotiable is that the time of its payment is uncertain. This claim is predicated upon the following provision in the note: 'The makers and indorsers hereof hereby severally waive protest, demand and notice of protest, and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments before or after maturity without prejudice to holder.' If, as is argued, the effect of the stipulation is to give the right to the maker without the consent of the holder, or to the holder without the consent of the maker, to appoint another day of payment and thereby extend the time, it may be that it would render the instrument not negotiable. But we do not think it capable of that construction. It does not say that either the holder or the maker may extend the note. It merely makes a provision in case the time of payment may be extended. How extended? It seems to us the extension meant is that which takes place when the debtor and creditor make an agreement upon a valuable consideration for the payment of the debt on some day subsequent to that previously stipulated. The obvious purpose of the provision, taken as a whole, was merely to relieve the holder of the paper from the burdens made necessary by the rigid requirements of the mercantile law in order to secure the continued liability of the indorsers and sureties upon the paper. Therefore what was meant by the stipulation as to the extension of time was simply that, in case the holder and the maker should agree upon an extension, the sureties and indorsers should not be discharged. The holder and maker of any note may at any time agree upon an extension; therefore the fact that they may have that right does not affect the negotiability of the paper. It is usually said that, in order to make an instrument negotiable under the law merchant, the time of payment must be certain. But a note payable 'on or before' a certain date is negotiable. The maker of such a note has the right to pay before the day named, but the holder cannot demand payment before that day. So, in that case, the time at which the maker may elect to pay is

uncertain, but the time at which the holder may demand payment is certain. It follows that, if the holder has the absolute right to demand payment at a certain day, the note is negotiable. This is but an illustration of what we understand to be the general rule. There being nothing in the stipulation under consideration which gave any one the right to demand of the holder of the note an extension of the time of payment, we think the time at which he could demand payment was fixed, and that, therefore, it was a negotiable note."

The trial court was right in concluding that the note sued on in this case is negotiable, and the judgment should therefore be affirmed.

It is so ordered.

FRICK and CHERRY, JJ., and McCREA, District Judge, concur.

The term of office of Hon. A. J. WEBER, who was Chief Justice, expired before disposition of this case.

THURMAN, J., did not participate herein.