(No. 4879.   July 23, 1928.)

McCORNICK AND COMPANY, BANKERS, a Corporation, Appellant, v. TOLMIE BROTHERS, a Copartnership, Consisting of GEORGE E. TOLMIE, JOHN A. TOLMIE and DONALD TOLMIE, and GEORGE E. TOLMIE, JOHN A. TOLMIE and DONALD TOLMIE, Respondents.

[269 Pac. 96.]

Gustin & Pence and O. A. Johanessen, for Appellant.

W. A. Ricks and F. A. Miller, for Respondents.

BAKER, Commissioner.—Plaintiff sued to recover judgment upon a promissory note executed by defendants at Shelley, Idaho, payable to themselves at the Pingree National Bank of Ogden, Utah, by them indorsed and purchased by plaintiff from the holder. Plaintiff alleged it

purchased the note before maturity, for value and without notice, and that it claimed the benefit of and relied upon the laws of the state of Utah and the decisions of the supreme court of that state relating to contracts of that character. The defenses urged were: (1) That the note was given for stock in the Pingree Sugar Company purchased by defendants as a result of their reliance upon false representations made to them as to the financial ability of the company and the value of its stock; (2) failure of consideration in that the company was insolvent and its stock valueless; and (3) the failure of the sugar company to comply with the provisions of C. S., secs. 5305–5324, known as the "Blue Sky Law." In each defense it was particularly alleged that the note contained a provision authorizing extension of time for payment and that the note was therefore non-negotiable. Upon the first trial judgment was entered, by direction of the court, in favor of the plaintiff. The defendants were successful on appeal (42 Ida. 1, 243 Pac. 355), and the cause was remanded for new trial. Upon that appeal the court held that the defense of failure of consideration was not sustained and that defense is now eliminated.

Upon retrial the complaint was amended so as to particularly set out section 4030 of the Compiled Laws of Utah, which is identical with C. S., sec. 5868, and reference was made to the decision by the supreme court of Utah in the case of *McCornick & Co. v. Nielson,* reported in 64 Utah, 605, and in 233 Pac., at page 122, construing that statute. There was offered at the second trial the transcript of the evidence taken at the former hearing together with some other evidence consisting principally of the Utah statute and decision referred to, a stipulation that the Pingree Sugar Company had not complied with the "Blue Sky Law" and positive testimony of the officer of the plaintiff that when the note was purchased he had no notice of infirmities in the instrument.

At the first trial there was proof of neither the Utah statute nor the decision of the supreme court of that state.

When the evidence was submitted the court sustained defendants' motion for directed verdict, which was accordingly returned and judgment was entered. The plaintiff has appealed.

The controlling assignment of error is that the court erred in deciding that the negotiability of the note was determined by the law of the state of Idaho where dated and made and not by the law of Utah where payable. The parties agree that if the law of Idaho controls the judgment should be affirmed and if the law of Utah governs the appellant is entitled to judgment.

The respondents contend that the non-negotiable character of the note was determined by the court at the previous hearing, that such decision has become the "law of the case" and that further investigation of the question is foreclosed. The trial court reluctantly adopted that view. The statement relied upon by respondents is found on page 5 of volume 42 of the Idaho reports and is: "The form of the note has been determined by this court to render it non-negotiable."

The court did not pass upon or determine whether the note was an Idaho contract or a Utah contract. It was not determined whether the law of the place of the execution of the note or the law of the place of payment controlled. There was no proof of the Utah statute or decision, the conflict of the laws of the two states was not apparent and there was no occasion to determine which law governed. A decision that the note is governed by the law of Utah would not be inconsistent with the statement of the court referred to or constitute a re-examination of the · question there decided. This court has repeatedly held that the doctrine of the "law of the case" extends only to questions actually presented and distinctly passed upon or necessarily involved on the former appeal. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Hunter v. Porter,* 10 Ida. 86, 77 Pac. 434; *Nampa v. Nampa & Meridian Irr. Dist.,* 23 Ida. 422, 131 Pac. 8; *Weil v. Defenbach,* 36 Ida. 37, 208 Pac. 1025.)

If the Idaho law governs the note is, as stated on the former appeal, non-negotiable by reason of the provision authorizing extension of time for payment. The proof is that under the Utah statute as interpreted by the supreme court of that state in the case of *McCornick & Co. v. Nielson, supra,* the provision does not render the note non-negotiable.

There is but little dissent from the proposition that the negotiable quality of a note is determined by the law of the place of payment and not by the law of the place where it is written, signed or dated. In the absence of clear proof, evincing a different intention, the presumption is the parties intended that the law of the place of payment should govern. (8 C. J., p. 97, sec. 167; 5 R. C. L., p. 969, sec. 51; *Sykes v. Citizens' Nat. Bank,* 78 Kan. 688, 98 Pac. 206, 19 L. R. A., N. S., 665, and note; *United Bank & Trust Co. v. McCullough,* 115 Neb. 327, 212 N. W. 762; *Barger v. Farnham,* 130 Mich. 487, 90 N. W. 281; *Bombolaski v. First Nat. Bank,* 55 Ind. App. 172, 101 N. E. 837, 103 N. E. 422; *Stevens v. Gregg,* 89 Ky. 461, 12 S. W. 775; *Lienkauf Banking Co. v. Haney,* 93 Miss. 613, 46 So. 626; note, 61 L. R. A. 205, 209.) This court in the cases of *Zimmerman v. Brown,* 30 Ida. 640, 166 Pac. 924, and *Utah State National Bank v. Stringer,* 44 Ida. 599, 258 Pac. 522, recognized the rule that the law of the place of payment controls and fully enforced payment of notes made in Idaho but payable elsewhere, though such notes by their terms violated the usury statutes of this state. The note in question is a Utah contract, is negotiable under the laws of that state and will be accorded that quality here. The trial court was of the opinion the negotiability of the note should be determined by the Utah law but regarded the statement made by the court on former hearing as decisive of that question.

That a note was executed in a transaction which offended the "Blue Sky Law" of this state is not available as a defense against the note if negotiable and in the hands

of a holder in due course. (*Ashley & Rumelin v. Brady,* 41 Ida. 160, 238 Pac. 314; *Butte Machinery Co. v. Jeppesen,* 41 Ida. 642, 241 Pac. 36; *Evans v. Wood,* 41 Ida. 679, 241 Pac. 609.)

There is nothing in the record to impeach or discredit the showing made by appellant of want of notice or to show that it is not in all respects a holder in due course. Under the rules announced by this court in *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090, *First National Bank v. Pond,* 39 Ida. 770, 230 Pac. 344, *Utah State Nat. Bank v. Stringer, supra, Butte Machinery Co. v. Jeppesen, supra,* we recommend that the judgment appealed from be reversed, with costs to appellant, and that the cause be remanded to the trial court with instructions to enter judgment in favor of the appellant for the full amount due on the note, with attorney's fees to be fixed by the court.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is reversed and the cause remanded in accord with the foregoing opinion; costs to appellant.