(February 2, 1904.)

## HALL v. BLACKMAN.

[75 Pac. 608.]

LAW OF THE CASE—PRIOR APPEAL.

1. A decision by the appellate court upon a point distinctly made and essential to its determination upon a previous appeal is in all subsequent proceedings in the same case a final adjudication, from the consequences of which the court cannot depart.

2. The appellate court is at liberty, in a subsequent and independent case, to depart from a rule or principle which it may have announced that it afterward determines unsound or unwise to follow, but a conclusion once reached becomes final, and the law of the case in which it is announced.

(Syllabus by the court.)

APPEAL from District Court in and for Elmore County. Honorable Kirtland I. Perky, Judge.

Action by Adin M. Hall and others against Wm. H. Blackman and others. From a judgment in favor of Blackman plaintiff Hall appeals. Affirmed.

N. M. Ruick, for Appellant, cites no authorities.

Hawley & Puckett and Wyman & Wyman, for Respondent.

We believe no one will care to assert that the jurisdiction of this court at this time in this case extends any further than to ascertain if the lower court properly carried into effect the directions contained in the mandate to it. There can be no re-examination of the facts and no reconsideration of the law. The rule known as the law of the case applies here in all its strictness. (*Phelan v. San Francisco Co.*, 20 Cal. 40; *Palmer v. Utah etc. Ry. Co.*, 2 Idaho, 382, 16 Pac. 553.) It is well settled that when a case has been once taken to an appellate court and its judgment obtained on points of law involved, such judgment, however erroneous, becomes the law of the case, and cannot on a second appeal be altered or changed. (*Clary v. Hoagland*, 6 Cal. 685; *Heinlen v. Martin*, 59 Cal. 181; *Keller v. Lewis*, 56 Cal. 466; *Argenti v. San Francisco*, 30 Cal. 460; *Jaffe v. Skae*, 48 Cal. 540; *Horton v. Jack*, 115 Cal. 29, 46 Pac. 920; *Benson v. Shotwell*, 103 Cal. 163, 37 Pac. 147.)

AILSHIE, J.—This case was decided upon a former appeal by this court on January 31, 1902, and is reported in 8 Idaho, 497, 68 Pac. 19. After an extended discussion of the various questions involved in the case, this court announced its conclusion in the following language: "It is apparent that a new trial would entail a great expense upon the parties, and would fail to benefit them, and for that reason we think it is to the interest of all parties that the cause be remanded to the trial court, with instructions to modify the findings of fact and judgment in accordance with the views expressed in this opinion, and it is so ordered. The judgment in all other respects is affirmed."

After the original opinion was filed the respondent Hall, who is the appellant here, filed his petition for a rehearing and accompanied the same with an exhaustive brief covering the same questions which are discussed in the brief upon this appeal. The court after an examination of the petition for rehearing filed a further opinion (8 Idaho, 500, 68 Pac. 24),

wherein it adhered to the conclusions reached in the former opinion and denied the application for a rehearing. Thereafter the *remittitur* was sent to the trial court, and the case was brought on at the next term thereof for further proceedings in accordance with the conclusions announced by this court. When the cause was called in the trial court the plaintiff Hall appeared and asked leave of the court to introduce further evidence for the purpose of showing the court "the extent and area of the lands included in the so-called 'Ethel Tract,' which lies south and southerly from the line of road referred to in the evidence in this case and in the opinion of the supreme court." He also asked the court to find that the water right claimed for the "Fielding Ethel Homestead" was subsequent to 1879 and subsequent to the perfection of plaintiff's water appropriation. The court declined to hear any further evidence in the case, and proceeded to make its findings of fact and conclusions of law upon the evidence as introduced upon the previous trial, and thereupon entered judgment accordingly.

The plaintiff Hall prepared, and had settled, a bill of exceptions, and thereafter appealed from this latter judgment. Appellant here contends that the trial court should have taken further testimony in the case and that he also erred in awarding the respondent Blackman a water right for the Fielding Ethel Homestead of a date prior to the right of plaintiff. Counsel for respondent insist that the only question which the court can consider upon this appeal is whether or not the trial court has followed the opinion as announced by the supreme court upon the former appeal, and that this court is powerless and without jurisdiction to re-examine any of the facts of the case, or to reconsider the law as applied to the case. There is no doubt but that the identical questions presented upon this appeal for our consideration were passed upon in the former appeal. As before stated, the same questions are discussed in appellant's brief that were discussed upon his petition for a rehearing on the first appeal. It is true that the appellant in this case was a respondent in the first appeal, but that can make no difference as to the application of the principles of law involved in the case. In passing upon the petition for a re-

hearing in the former appeal, this court said: "Thus it is made to appear that Fielding and David B. Ethel entered under the laws of the United States four hundred and eighty acres of land on Bennett creek as early as 1874, and obtained patent for the same from the United States; and it also appears that they diverted, as early as 1872, five hundred inches of the waters of said Bennett creek for the irrigation of lands owned or claimed by them. It also appears from the complaint of the petitioner, Adin M. Hall, that he claims no water earlier than 1879, and as Ethel Bros. had received patents from the United States to three hundred and twenty acres of their said land and had made final proof at the proper United States land office for another one hundred and sixty acre tract prior to 1879, they certainly were the owners of said one hundred and sixty acres of land prior to 1879, and had, prior to that date, diverted and taken upon said land water sufficient to reclaim the same."

From the foregoing it will be seen that there can be no mistaking of the fact that this court passed directly upon the question of priority as between Adin M. Hall, the appellant here, and the grantees and successors of the Ethel Bros., who entered and made final proof upon the two pre-emption claims and one homestead claim comprising an aggregate of four hundred and eighty acres; and held that the water right for this four hundred and eighty acre tract attached prior to 1879 and prior to the appropriation and claim of Hall. This question was directly raised upon that appeal and was squarely before the court, and its determination was essential to a determination of that appeal. The questions there determined have become *res adjudicata,* and are no more open to re-examination or reconsideration by this court than they would be open to reexamination and reconsideration by the trial court. The case was not sent back for a retrial, but merely for a modification of the judgment in accordance with the conclusions reached by this court, and the opinions filed upon that appeal became the law in this case, and whatever the opinion of the court might be at this time as to the correctness of the conclusions there reached or the soundness of any legal principle there announced,

its judgment cannot now be invoked to disturb such questions as have become a final adjudication in the case.

In *Phelan v. San Francisco,* 20 Cal. 40, Chief Justice Field, in passing upon the power and authority of the supreme court to re-examine a question which had been determined by the same court upon a prior appeal, said: "The decision on that point, which in fact disposed of the entire question of ratification on its merits, is the law of the case, by which we are bound, whatever our views might be upon an original consideration of the matter. A previous ruling by the appellate court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits. But in the case in which it is made it is more than authority: it is a final adjudication, from the consequences of which the court cannot depart nor the parties relieve themselves." This case was cited with approval in *Heinlen v. Martin,* 59 Cal. 181, where the syllabus to the case says: "The judgment of this court upon an appeal, whether right or wrong, becomes the law of the case for all subsequent proceedings in it, and is a final adjudication, from the consequences of which the court cannot depart."

In the last mentioned case, in commenting upon the fact that no new trial had been ordered upon the first appeal, the court makes use of the following language: "But no new trial was ordered, and none was necessary; for the supreme court had determined the rights of the parties, and that determination was a final adjudication of the case itself, which only required to be embodied in form by the entry of a proper judgment in the lower court, to make it enforceable. The entry of such a judgment was the only duty devolved upon the court, under the mandate of the supreme court. (*Keller v. Lewis,* 56 Cal. 466.) If upon the going down of the *remittitur* from the supreme court the lower court had retried the case, and upon such new trial had rendered a judgment, it would have been void. (*Argenti v. San Francisco,* 30 Cal. 460.)"

In 2 Encyclopedia of Pleading and Practice, page 371, the author says: "The doctrine of *res adjudicata* and the principles upon which it rests apply, therefore, to appellate judg-

ments; the principles and questions adjudicated on an appeal are binding and will not be reviewed as between the parties and their privies on a subsequent appeal in the same cause. The law so declared controls all further proceedings in the cause until the termination." The authorities to this effect are too numerous to require further citation. There must necessarily be an end to litigation in any given case; but that object can never be attained if an appellate court can re-examine, upon subsequent appeals, the same questions which it has previously examined, and the fact that it may have made a mistake or committed an error will not warrant a re-examination and reconsideration upon another appeal in the same case. The court is at liberty, in a separate and independent case, to depart from any rule or principle which it may have announced that it afterward determines unsound or unwise to follow, but the conclusion reached becomes final and the law of the case in which it is announced.

Applying this principle to the present appeal, we find no authority for a re-examination of the questions argued by appellant. All the questions here presented were ably and comprehensively presented to the court upon the original appeal, and were there determined adversely to the appellant, who was there a respondent. The judgment entered by the trial court was in harmony with the former opinion of this court.

For the reasons herein announced the judgment appealed from is affirmed, with costs to respondent.

Sullivan, C. J., concurs.

Justice Stockslager, having tried the case in the district court and the original appeal being from a judgment rendered by him, expresses no opinion.