. (February 22, 1913.)

## CITY OF NAMPA et al., Respondents, v. NAMPA & MERIDIAN IRRIGATION DISTRICT, Appellant.

[131 Pac. 8.]

MANDAMUS—IRRIGATION DISTRICT—LAW OF THE CASE—FRANCHISE FOR DITCHES AND CANALS—CITY CONTROL OVER STREETS—APPORTIONING EXPENSES—REPAIR OR IMPROVEMENT.

1. A question considered and passed upon on a previous appeal in the same case which was necessary or essential to the determination of the case on appeal becomes the law of the case in all subsequent proceedings in the same action from the consequences of which the appellate court cannot depart.

2. An irrigation district organized under the general statutes of the state (1909 Sess. Laws, p. 150), which is authorized to include within its corporate limits lands and lots lying within a town or village, has the implied power conferred upon it by the legislature to enter the streets and alleys of such town or village or of that portion of the town or village included within the district, for the purpose of constructing ditches, canals and laterals in order to carry out the purpose of its creation and deliver water to the consumers therein.

3. The power conferred upon irrigation districts to enter the streets and alleys of towns and villages included within the boundaries of such district for the construction of its ditches, canals and laterals in order to deliver water to consumers does not repeal or in any way interfere with the power and authority of such towns and villages to exercise control of their streets and alleys and to regulate the manner and method of their use, and to direct the manner and method in which such irrigation district shall construct and maintain its ditches, canals and laterals within such municipality.

4. A water consumer within an irrigation district who is also within the corporate limits of a town or village may have his writ of mandate to compel the district to deliver water to him in accordance with and under the regulations prescribed by the town or village in which his lot or land is situated.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for a writ of mandate.   Judgment for plaintiffs. Defendant appealed.   *Affirmed.*

Hugh E. McElroy, for Appellant.

On the former appeal in this case paragraphs 4 and 5 of the complaint were held on general demurrer to sufficiently state a grant, ordinance or contract franchise between the city of Nampa and this appellant, which would bind the parties thereto.   The opinion cites a number of cases, all of which relate to corporations organized for the purpose of furnishing water to the inhabitants of a municipal corporation and doing so under a contract franchise.

But under the evidence offered, it now conclusively appears that the Boise City Irrigation and Land Company did not have a franchise of the character involved in said cases.   The case of *Boise City v. Boise Artesian Hot & Cold Water Co.,* 186 Fed. 705, 108 C. C. A. 523, construes the statutes of Idaho in force during the period involved in this case, and expressly holds that a city can only grant the use of its streets for the laying of a water-main to supply its inhabitants for a limited time, which must be specified, and where an attempt is made to grant such a franchise without specifying any term for the continuance of the grant, it is "a mere license revocable by the city at will."

Water for irrigation is delivered by canal owners operating under the general laws of the state to practically every city and village in the irrigated section of Idaho.   The "franchise limits" of such canal owners is fixed by sec. 3288, Rev. Codes, which protects the canal owner and fixes his franchise limits wholly independent of the place of use.

In the case of *Pocatello Water Co. v. Standley,* 7 Ida. 155, 61 Pac. 518, the court held that the franchise limits were the lot lines of the property owners receiving water from the water company.   But in that case such franchise limits were ascertained from the terms of the franchise itself.   They were determined independent of the general irrigation laws. In this case plaintiffs failed to prove the grant or franchise alleged.

"Sec. 2713 has no application to water corporations like appellant, but has application to water and canal corporations organized for the purpose of supplying cities and towns with water." (*MacCammelly v. Pioneer Irr. Dist.,* 17 Ida. 419, 105 Pac. 1076.)

"Ditches and flumes are the usual and ordinary means of diverting water in this state, and parties who have made their appropriations by such means cannot be compelled to substitute iron pipes, though they may be compelled to keep their ditches and flumes in good repair so as to prevent any unnecessary waste." (*Winslow v. City of Vallejo,* 148 Cal. 723, 113 Am. St. 349, 7 Ann. Cas. 851, 84 Pac. 191, 5 L. R. A., N. S., 851; *Allen v. San Jose Land & Water Co.,* 92 Cal. 138, 28 Pac. 215, 15 L. R. A. 93; *Barrows v. Fox,* 98 Cal. 66, 32 Pac. 811.)

This judgment amounts to the taking of the property of the land owners of appellant without due process of law. It is based upon a contract franchise which the evidence shows does not exist. If it did exist, the parties would be governed by its terms and conditions. But no attempt was made to prove such terms or conditions.

G. W. Lamson, for Respondent.

Lot owners in a city who have become entitled to the use of water from an irrigation system cannot be compelled to pay for the company's system, nor can they be denied water for the reason that its delivery has been made more expensive or more burdensome to the company. (*City of Nampa v. Nampa & Mer. Irr. Dist.,* 19 Ida. 779, 115 Pac. 979.)

In the opinion of this court as expressed in the foregoing case, the words "franchise," "easement" and "right of way" seem to have been used indiscriminately, but if it were true that a formal franchise impregnated with all the technical and red-tape terms had been granted, still it is the law that all such rights are held in subordination to the superior rights of the public; therefore the defendant would take its right subject to the right of the city to change its manner of use, just as has been done in this case.

AILSHIE, C. J.—This action was instituted by the city of Nampa and J. H. Walling, George Everett and G. W. Lamson, the former as a municipal corporation and the individuals as water users within the corporate limits of the city, praying for a writ of mandate against the defendant irrigation district to compel the district to deliver water to its water consumers within the corporate limits of the city of Nampa through underground pipes. A demurrer to the complaint was sustained and an appeal was taken by the plaintiffs to this court, and the judgment of the lower court was reversed (*City of Nampa v. Nampa & Meridian Irr. Dist.,* 19 Ida. 779, 115 Pac. 979) and the cause was remanded for further proceedings. An answer was filed in the trial court and the case was tried on its merits, and judgment was entered in favor of the plaintiffs granting a writ of mandate against the district.

Practically all the questions of law essential to be determined in the case on this appeal were passed upon in the former appeal. In so far as any question considered and passed upon in the previous appeal was necessary or essential to the determination of that appeal, it becomes the law of the case in all subsequent proceedings in the same action from the consequences of which the appellate court cannot thereafter depart. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Hunter v. Porter,* 10 Ida. 86, 77 Pac. 434; *Steve v. Bonners Ferry Lumber Co.,* 13 Ida. 384, 92 Pac. 363; *Palmer v. Utah & Northern R. R. Co.,* 2 Ida. 382, 16 Pac. 553; *Lindsay v. People,* 1 Ida. 438; *Gerber v. Nampa & Meridian Irr. Dist.,* 19 Ida. 765, 116 Pac. 104.) On the former appeal (*City of Nampa v. Nampa & Meridian Irr. Dist.*) the court decided the following propositions, which seem to have been necessary and essential to the proper determination of that appeal:

(1) That the irrigation district was lawfully and rightfully engaged in the irrigation business within the corporate limits of the city of Nampa, and that a portion of the city, including the lots of the users who were parties to that action, was included and incorporated within the Nampa & Meridian Irrigation District. (2) That the irrigation district had a

legal right to run and operate its ditches, canals and distributing laterals within the corporate limits of the city of Nampa, and that such right is subject to the power of the city to regulate the manner of the exercise thereof, and that the city has a right to change its street grades and thereby require a corresponding change in the conduit or means of delivery of water, and that in exercising this right vested in the city to grade its streets, it may remove and destroy ditches and require the delivery of water through pipe-lines beneath the surface of the street.

The foregoing legal propositions were fairly involved in the previous appeal, and their determination by this court adversely to the contention of the irrigation district has become the law of the case, and is binding upon the courts in all subsequent proceedings in the case.

The appellant company is a *quasi*-public corporation, organized to conduct business for the private benefit of the owners of lands within its limits and of such a character as to concern and interest the public generally. It was organized under the general statute of March 9, 1903. (Sess. Laws 1903, p. 150; *Nampa etc. Irr. Dist. v. Brose*, 11 Ida. 474, 83 Pac. 499.) Under the statute it was authorized to incorporate within its limits lots and lands lying within a town or village. (*Nampa etc. Irr. Dist. v. Brose*, 11 Ida. 475, 83 Pac. 499.)

Now, it is clear to us that when the legislature authorized an irrigation district to include within its boundaries lots and lands within a municipal corporation, the legislature thereby granted and conferred the necessarily implied power upon such irrigation district to enter the town or village and build and construct its irrigation works. In other words, the act of the legislature in authorizing the incorporation of such a district necessarily carried with it the franchise to enter the streets and alleys of such towns and villages or the streets and alleys of the portion of a town that might be included within such irrigation district. On the other hand, the legislative act granting the right to include town lots within an irrigation district and the implied power to enter the streets and alleys for the purpose of delivering water, does

not take away or diminish the power of the town or village to control and supervise its streets and to direct the manner and method of their use by such a district. The municipality still has the right to regulate the use of its streets and to prescribe the manner and method to be pursued by an irrigation district in conducting water over or through the streets in order to deliver it to water users and consumers at its canal or lateral nearest the land or lot to be irrigated. If the city authorities deemed it necessary to have the water conducted through underground pipes instead of being delivered through open ditches, it was clearly within the power and authority of the city to take such action and prohibit the use of the streets in a different manner. Of course, the city could not compel the irrigation district to build a pipe-line, but it could prohibit it carrying water through an open ditch. The water consumer, on the other hand, who has acquired a right to the use of water from this system may have his writ to compel the delivery of water to him at the most available points on the line of the main or lateral nearest him. If the city can prescribe the method in which water may be delivered through its streets, and the water user, on the other hand, has acquired a constitutional right to have water delivered to him from the canal or lateral of the district system, then it would seem that the irrigation district is left only the one alternative, namely, to construct a pipe-line and deliver water to the consumers through such line.

It is clear that the district must construct its necessary canals and laterals within the corporate limits of the city and pay for such construction as the law directs. As was stated in the opinion in this case on a former appeal (19 Ida. 779, 115 Pac. 979): "Under these facts the lot owners have become entitled to the use of water from the defendant's system, and the defendant must, in the first instance, construct its system within its franchise limits at its own expense. It cannot compel the user of water to pay for any part of the system." However, as we understand it, the users of water were required to construct their own laterals from the main canal and laterals of the district, and the district would not be re-

quired to pay for the construction of such private laterals as supply each of the users from the laterals that constitute the district system.

The judgment of the district court should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.