(May 14, 1913.)

F. J. COLBURN, Appellant, v. R. B. WILSON, C. L. SPAULDING and W. H. SHANE, Directors, and the EMMETT IRRIGATION DISTRICT, Respondents.

[132 Pac. 579.]

IRRIGATION DISTRICTS—POWER OF BOARD OF DIRECTORS—ASSESSMENT FOR MAINTENANCE—CONSTRUCTION OF STATUTES—BENEFITS.

1. Sec. 2407, Rev. Codes, empowers the board of directors of an irrigation district to "prepare an assessment-book containing a full and accurate list and description of all the lands of the district, and a list of the persons who own, claim, or have in possession or control thereof during the year . . . . and proceed to levy an assessment upon all the lands of the district for expense of maintaining and operating the property of the district. Said assessment shall be spread upon all the lands of the district . . . . proportionate to the benefits received by such lands growing out

of the maintenance and operations of the said works of said district."

2. It is a well-recognized rule of law that a section of the statute should be construed in the light of the purpose for which the legislature enacted the particular act, of which such section is a part.

3. It was the intention of the legislature in enacting title 14 of the Rev. Codes, providing for the organization and government of irrigation districts, which includes sec. 2407, that the lands irrigable under the system within the district should be considered as a whole, and such lands must be assessed, for the maintenance and operation of the water system, at the same rate, where the benefits, that is, the water needed and received, are the same.

4. "Benefits," as used in sec. 2407, Rev. Codes, in connection with assessments for maintenance, mean such benefits as contribute to promote the prosperity of the district, and add value to the property of the respective owners of the entire district, and that such improvement of land in any portion of the district adds to and increases the value of the lands of the entire district, as the water is applied and devoted to a beneficial use by the owners through said system.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Edward L. Bryan, Judge.

An action to restrain the collection of an assessment for maintenance on the lands of the plaintiff. *Affirmed.*

Wood & Driscoll, for Appellant.

Maintenance assessments are special assessments, and will be set aside by the courts if it clearly appears they are not levied in accordance with benefits received. (*Nampa etc. Irr. Dist. v. Brose*, 11 Ida. 474–489, 83 Pac. 499; *Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, 119 Pac. 304; *City of Nampa v. Nampa etc. Dist.*, 19 Ida. 779–787, 115 Pac. 979; *Boehmer v. Big Rock Creek Irr. Dist.*, 117 Cal. 19, 48 Pac. 908; *Merchants' Nat. Bank v. Escondido Irr. Dist.*, 144 Cal. 329, 77 Pac. 937; 4 Dillon, Mun. Corp., 5th ed., sec. 1430; 1 Page & Jones on Taxation by Assessment, p. 571, sec. 373.)

The rule of apportionment in accordance with benefits is the rule governing this species of taxation, even in the ab-

sence of a statutory requirement to that effect, and assessments which do not at least presumptively or constructively accord with that rule are in violation of the fourteenth amendment of the federal constitution and void. (Hamilton, Law of Special Assessments, secs. 236–239, 474, 795; *Village of Norwood v. Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. ed. 443; *Hanscom v. City of Omaha,* 11 Neb. 37, 7 N. W. 739; *People ex rel. Marion v. City of Brooklyn,* 23 Barb. 174; *State v. District Court of Ramsey County,* 47 Minn. 406, 50 N. W. 476; *Palmer v. City of Danville,* 154 Ill. 156, 38 N. E. 1067; *Town of Elma· v. Carney,* 9 Wash. 466, 37 Pac. 707; *Corcoran v. Board of Aldermen,* 199 Mass. 5, 85 N. E. 155, 18 L. R. A., N. S., 187.)

Benefits in special assessments are value added to the property assessed, and the terms "increase in value" and "benefits" are interchangeable. (2 Page & Jones, Special Assessments, secs. 652–654.)

Thompson & Buckner and Richards & Haga, for Respondents.

The term "benefit" is defined by Webster as follows: "Whatever contributes to promote prosperity; adds value to property; advantage; profit." (*Synod of Dak. v. State,* 2 S. D. 366, 50 N. W. 632, 14 L. R. A. 418; *Garrett v. City,* 25 Mo. 505, 69 Am. Dec. 478.)

The language of the statute repeating the phrase "all the lands" necessarily excludes the idea of any local assessment—that is, any assessment that does not include all the lands in the district. Therefore, the statute prohibits any local or special assessments within the district as is permitted in municipal assessments. (*Herrmann v. Town of Guttenberg,* 62 N. J. L. 605, 43 Atl. 703; *Shurtleff v. City of Chicago,* 190 Ill. 473, 60 N. E. 870.)

Special assessments are made on the assumption that a portion of the public is to be specially and peculiarly benefited in the enhancement of the value of their property' peculiarly situated as regards the contemplated expenditure of public funds, and a special contribution is demanded in

consideration of the special benefit to the person receiving it. (*Illinois Cent. R. Co. v. City of Decatur,* 147 U. S. 190, 13 Sup. Ct. 293, 37 L. ed. 132; Cooley on Taxation, p. 416; *Peake v. City of New Orleans etc.,* 139 U. S. 342, 11 Sup. Ct. 541, 35 L. ed. 131.)

In *City of Shreveport v. Prescott,* 51 La. Ann. 1895, 26 So. 664, 46 L. R. A. 193, it is held local assessments are a species of taxes on supposed benefits. (*Griggsry Const. Co. v. Freeman,* 108 La. 435, 32 So. 399, 58 L. R. A. 349; *Seanor v. Board of Commrs. of Whatcom Co.,* 13 Wash. 48, 42 Pac. 555.)

STEWART, J.—The facts as alleged in the complaint, to which a general demurrer was filed, are as follows: F. J. Colburn is a resident land owner and taxpayer on what is known as the north side tract, in the Emmett Irrigation District, and brings this action on behalf of himself and other parties similarly interested. R. B. Wilson, C. L. Spaulding and W. H. Shane are directors of the Emmett Irrigation District, and H. O. Haylor is secretary of said district. The action was instituted to restrain the defendants from proceeding with the collection of the maintenance tax on plaintiff's land for the current year until the same shall be corrected and spread in proportion to the benefits received.

The Emmett Irrigation District is the owner of a certain canal system known as the Canyon Canal. This canal diverts water from the north side of the Payette river in Boise county, Idaho, and conveys the same thence for a long distance along the north side of the Payette river into and through the Emmett Irrigation District, where the waters of said canal are distributed over the tracts of land comprising the district. The Payette river runs from the east to the west through the Emmett Irrigation District and cuts the district into two large tracts of land, one situated upon the north side of the river and the other upon the south side of the river, and such tracts are connected only by a narrow strip of land at or near the point where the waters of said canal are divided. The canal system is constructed in the shape of

the letter "Y." The main canal, or leg of the "Y," issues from the north side of the Payette river, some twenty miles above the town of Emmett, and follows down the north side of the river until it passes inside the boundaries of the district. After it enters the boundaries of the district at the east end, a short distance above the lands to be watered, the canal branches into two parts, forming the arms of the "Y." The southerly arm crosses the Payette river by means of a syphon, and follows along the foothills on the south side of the river through an open cut for a long distance, and finally distributes its waters over a narrow strip of land lying along these foothills. The land watered by this branch consists in all of about 4,800 acres, and will be referred to hereafter as the south side lands. The northerly arm of the "Y," after the arms part, continues from the junction point along the northerly side of the river and waters about 18,000 acres of land near Emmett. These lands will be referred to as the north side tract. The north and south arms of the main canal constitute the canal system within the irrigation district and furnish water for the purpose of irrigating lands within the district. By this method both the north and south side tracts derive benefit from the point where the waters of the main canal are divided. The lands on the south side are in no way irrigated from the arm on the north side, neither are the lands on the north side watered from the arm on the south side.

It also appears that F. J. Colburn, the appellant, appeared before the board of directors of the Emmett Irrigation District in behalf of plaintiff and the other land owners owning land upon the north side of the Payette river in said district, and filed protest in writing with the board against the extension of said expenditures so far as they related to the operation of the north and south side distributing ditches below the division point of said canal equally over all the lands of the said district, on the ground that said lands were not equally benefited by operating and maintaining said distributing canals, and particularly because the north side lands were in no way benefited by the cost of maintaining and operating

the south side distributing canal; and for the further reason
that the cost per acre for operating and maintaining said
south side canal was much greater than the cost of operating
the said north side distributing canal.

On September 16, 1912, the board of directors sat as a
board of correction concerning the assessment. Due and
regular notice of such meeting was given and plaintiff, upon
said day fixed, appeared before the directors upon his behalf
and on behalf of all other land owners, and upon the hear-
ing it appeared from the books of the defendant Emmett
Irrigation District "that the expense of maintaining the said
south side for the fiscal year is, and has been, the sum of
$3.068.50," and for the north side lands that the total ex-
pense for the same period is and has been $1,937.50; that
said last-mentioned items of $3,068.50 and $1,937.50 are the
entire expense for maintaining and operating the said north
side and said south side distributing canals for the current
year; that said items contain no other expense than the ex-
pense of maintaining and operating said distributing laterals
for the current year, and contain no other expense of repair-
ing or otherwise improving the same, and contain no portion
of the office expense of said irrigation district, or the expense
of operating, maintaining, repairing or improving any portion
of the main canal system.

The board of directors of the district levied the annual tax
on the lands of the district to cover the necessary expenses
for maintaining, operating, repairing and improving the
property and works of the district for the current year. At
such meeting, and for such necessary expense, the board of
directors made a levy extending over all the lands of the dis-
trict, amounting to the sum of $113,600, which sum was spread
equally and not otherwise, to wit, at the rate of five dollars
per acre, over and upon all the lands of said district.

In the protest filed by Colburn it is asked that the actual
cost of maintaining the north side canal below the division
point be assessed against the north side lands solely, and that
the actual cost of maintaining the south side canal be assessed
against the south side lands solely, on the ground that neither

branch of the canal below the dividing point benefits the lands watered by the opposite branch in any way. The board took action in the matter, and denied said application as to the lands of Colburn and all other lands on the north side of said river owned by all other parties, and ordered that said assessment made on August 20, 1912, be sustained as made on said date.

A demurrer was filed to the complaint, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the plaintiff declined to amend, and announced to the court that he intended to stand upon his complaint. The appeal is from the judgment in favor of the defendants and against the plaintiff.

The principal error relied upon is, that the court erred in sustaining the demurrer, for the reason that the records of the district board, as hereinbefore set forth, and the admitted facts of the complaint, show that said assessment was not spread upon the lands of the district in proportion to the benefits received, in accordance with sec. 2407, Rev. Codes, as amended on p. 200 of the Sess. Laws of Idaho for the year 1911, and that the board has no power, discretion or jurisdiction to levy the said maintenance assessment otherwise than the said statute provides.

It will be observed from the pleadings that the board of directors of the district levied an annual tax on the lands of the district to cover the necessary expenses for maintaining, operating, repairing and improving the property and works of the district for the current year.

The appellant contends that the action of the board is in violation of the statute providing for the raising of revenue, and that the law requires the board of directors to make the assessment for the necessary expense for maintaining, operating, repairing and improving the property and works of the district according to benefits alone, and that the board of directors were required by law to spread the same upon the lands of the district in proportion to the benefits received, and that the board was required to assess the expense of main-

taining the south side canal for the fiscal year with the sum of $3,068.50, the expense incurred in maintaining the south side canal, and that it was the duty of the board to assess the lands on the north side with the expense of maintaining the canal on the north side with the sum of $1,937.50, as shown by the books of the irrigation district.

The respondents, on the other hand, contend that the assessment for expenses for maintaining the canal and ditches and the general expenses of the district in maintaining and operating the general system of distribution of water through the different canals of the district should be spread upon all the lands of the district, and should be apportioned according to the benefits received by such lands, growing out of the maintenance and operation of said works of said district.

Sec. 2407, Rev. Codes, as amended Laws of 1911, p. 194, governs the board of directors of an irrigation district in making assessments levied for the purpose of maintaining and operating the works of the district. This section reads as follows:

"Sec. 2407. The secretary of the board of directors shall be the assessor of the district, and on or before August fifteenth of each year, shall prepare an assessment-book containing a full and accurate list and description *of all the land of the district,* and a list of the persons who own, claim or have in possession or control thereof during said year, giving the number of acres listed to each person. If the name of the person owning, claiming, possessing or controlling any tract of land is not known, it shall be listed to 'unknown owners.'

"In all districts in which an assessment is levied for the purpose of maintaining and operating the works of said district, the board of directors shall meet at the office of the district on the third Tuesday of August of each year and *proceed to levy an assessment upon all the lands of the district for expense of maintaining and operating the property of the district.* Said assessment shall be spread upon *all the lands of the district and shall be proportionate to the benefits received by such lands growing out of the maintenance and*

*operations of the said works of said district.* Such assessment shall be carried out by the secretary and entered into an appropriate column on the assessment-roll immediately and shall be subject to review by the board of correction, hereinafter provided for.''

This section of the statute should be considered in the light of the purpose for which the legislature enacted title 14 of the Rev. Codes, providing for the organization of irrigation districts, and providing, upon certain conditions, to include lands susceptible of one mode of irrigation from a common source and by the same system of works, with the purpose of providing for the irrigation of the same.

Sec. 2407 of the Rev. Codes provides for assessments to be levied for the purpose of maintaining and operating the works of said district, and requires that such assessments shall be proportionate to the benefits received by such lands growing out of the maintenance and operations of said works. In construing said section, this court should be guided by the fundamental principles which govern the interpretation of statutes, and the section should be interpreted in connection with all parts of the act, for the purpose of accomplishing the objects contemplated by the legislature and for the purpose of supplying the needs of the owners of lands within the district.

In the present case it appears that about 22,000 acres of land within the boundaries of the district are susceptible of high cultivation when supplied with water, and to accomplish this purpose the land and water must be brought together in a manner to make the land productive, and that such results can only be accomplished by all the owners of all lands within the district which are irrigable being brought together in one project for the purpose of accomplishing the general purpose. To accomplish this purpose, the legislature intended that each owner of land susceptible of irrigation within the district will be greatly benefited by the organization of the district and the application of water, supplied by such organization, to all the lands within the district. The legislature also intended to grant power to provide a system

for the entire district, and that no power of assessments be given to the district, other than an assessment on all the lands within the district, and that no local assessment within the district, or on a part of the land in the district, can be made for any purpose; that it was not intended by such act that there should be any local or special assessment within the district, such as is usually granted to municipal corporations for sewerage, streets, alleys, parks, paving and similar improvements where the benefits result in increased value of the lands within the district. In other words, under sec. 2407, it was the intention of the legislature that all lands within an irrigation district available for and subject to irrigation, under the system constructed, must be considered as a whole, and that the assessment shall be spread upon all the lands of the district which are or may be supplied with water by such district, under said system.

It is apparent from the creation of the district and the construction of the system and the maintenance of such system, that there can be no benefit to the land from the maintaining and operating of such irrigation system, other than the benefit arising from the supplying of the needed water. The supplying of the water is the benefit sought by the provision of the act and the whole benefit is the water supplied, and the incident of such supply of water is the expenditure.

The benefit of the water supplied to the owners of land within the district, as provided by sec. 2407, means such benefits as contribute to promote the prosperity of the district, and add value to the property of the respective owners of the entire district, and such improvement of land in any portion of the district adds to and increases the value of the lands of the entire district as the water is applied and devoted to a beneficial use by the owners through said system. Of course the application of water necessarily implies an expenditure to pay the cost of maintenance, as it cannot be secured without some expenditure, but such expenditure might be made for maintenance and no water secured to some of the lands; but where there are lands within the district where water cannot be secured, such lands would not be benefited,

and therefore would not be subject to annual maintenance in proportion to expenditure. In such case such lands would not be subject to annual tax for such expenditure, and it is clear from the act itself that lands which cannot receive water should not be assessed annually.

In making such assessment it was intended by the legislature that in the annual assessment for maintenance and operation of the water system the lands irrigable under the system within the district should be considered as a whole, and such lands must be assessed at the same rate where the benefits, that is, the water needed and received, are the same. The statute specifically says that said assessment shall be spread upon all the lands of the district. This language necessarily excludes the idea of local assessment,—that is, any assessment which does not include all the lands in the district. In other words, it was intended by the legislature that the annual assessment for maintenance and operation of the water system within the district shall be spread upon all the lands which are susceptible of irrigation, and such lands shall be subject alike in spreading such assessment upon the lands within the district, and the fact that such expense and assessment is largely incurred by reasons of improvement and maintenance of a part of the system, or, as in the present case, where there are two arms of the main canal and such expense is incurred in the improvement and maintenance of one of these two arms to a greater extent than the other, and the two arms are in no way connected or beneficial one to the other, such expenditure will not alter or change the requirement of the statute that such assessment shall be made upon all the lands within the system.

We are of the opinion that sec. 2407 is clear and explicit and specially confers jurisdiction on the board to act upon its own judgment, and levy an assessment upon all the lands of the district for expenses in maintaining and operating the property of the district, and that such assessment shall be spread upon the lands of the district, and shall be proportionate to the benefits received by such lands, growing out of the maintenance and operation of the works of said district.

Such jurisdiction having been conferred by the legislature upon the board in this instance, and the board, having determined and allowed the expenses of improving and maintaining the system during the year the assessment is made, and having jurisdiction to make the assessment upon all the lands of the district, should spread the same upon all the lands of the district, and such assessments shall be proportionate to the benefits received by such lands, growing out of the maintenance and operation of said works of said district according to the judgment and discretion of said board, and no claim being made of any fraud, the determination of the board must be accepted as conclusive. (*Shattuck v. Smith*, 6 N. D. 56, 69 N. W. 5.)

In a recent case, the case of *City of Nampa v. Nampa & Meridian Irr. Dist.* (decided February 22, 1913), 23 Ida. 422, 131 Pac. 8, this court had under consideration the powers of an irrigation district and the district's liability for expenses required by law in the improvement of a part of the works and system within the district, and this court said: "The appellant company is a *quasi* public corporation organized to conduct business for the private benefit of the owners of lands within its limits, and of such a character as to concern and interest the public generally." We think the doctrine announced in that case clearly applies to the present case. This court also held: "If the city can prescribe the method in which water may be delivered through its streets, and the water user, on the other hand, has acquired a constitutional right to have water delivered to him from the canal or lateral of the district's system, then it would seem that the irrigation district is left only the one alternative, namely, to construct a pipe-line and deliver water to the consumers through such line.

"It is clear that the district must construct its necessary canals and laterals within the corporate limits of the city and pay for such construction as the law directs."

So in the case now under consideration, it is the duty of the district to maintain and support the canals constituting the system, and to assess and spread the expenses of such

construction and maintenance upon the lands within the district.

We are therefore of the opinion, the complaint does not state facts sufficient to constitute a cause of action, and the trial court did not err in sustaining the demurrer to the complaint. The plaintiff having refused to further plead in the case, the trial court did not err in rendering judgment in favor of the defendant.

The judgment is *affirmed.* Costs awarded to respondents.

Ailshie, C. J., concurs.

Sullivan, J., did not sit in this case.