(No. 5627.   April 6, 1931.)

ELVA GARVIN, Administratrix of the Estate of OLIVER K. EXUM, Deceased, Appellant, v. FIRST NATIONAL BANK OF POCATELLO, a Corporation, and H. W. HENDERSON, Sheriff of· Bannock County, Idaho, Respondents.

[298 Pac. 359.]

F. E. Tydeman, for Appellant.

Merrill & Merrill, for Respondents.

GIVENS, J.—This action was heretofore before this court. (*Civils v. First National Bank of Pocatello,* 41 Ida. 690, 241 Pac. 1023.)   Since the former appeal, appellant's name has been changed to Mrs. Garvin.

The facts sufficiently appear in the former opinion, which held the only grounds available to appellant in her attack upon the mortgage in question were payment and respondents' alleged unlawful coercion exerted against O. K. Exum.

The trial court in the second action, found against appellant on both these points, and there is no evidence in the present record which would justify any other finding.

The court found that Mrs. A. Exum had adopted the disputed signature to the mortgage, claimed by appellant to be a forgery, which finding as a legal proposition is justified. (*Clegg v. Eustace*, 40 Ida. 651, 237 Pac. 428; *State v. Burtenshaw*, 25 Ida. 607, 138 Pac. 1105; *First Nat. Bank v. Glenn*, 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623.) But appellant urges adoption of the signature was not alleged, and it was not; since, however, the judgment may be affirmed on the first findings above referred to, it is unnecessary to consider the availability to appellant of the doctrine of adoption, not pleaded.

The court found appellant, as the representative of O. K. Exum, estopped by his acts to assert or rely upon the forgery, if there was one, since he participated therein. This finding is in accord with the previous opinion herein, which upon its rendition became the law of the case, and henceforth binding herein. (*Lindsay v. People*, 1 Ida. 438; *Palmer v. Utah & Northern Ry. Co.*, 2 Ida. 382, 16 Pac. 553; *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608; *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363; *Gerber v. Nampa & Meridian Irr. Dist.*, 19 Ida. 765, 116 Pac. 104; *City of Nampa v. Nampa & Meridian Irr. Dist.*, 23 Ida. 422, 131 Pac. 8; *Brinton v. Johnson*, 41 Ida. 583, 240 Pac. 859; *Mathers v. Mathers*, 42 Ida. 821, 248 Pac. 468; *Vinyard v. North Side Canal Co.*, 47 Ida. 272, 274 Pac. 1069; *Crockett v. Jones*, 47 Ida. 497, 277 Pac. 550.)

If the question of service in the mortgage foreclosure may now or herein be questioned, the evidence conclusively showed service upon Mrs. A. Exum.

No rights of creditors, protection for which is sought through the administratrix, are herein involved.

Judgment affirmed. Costs to respondents.

Lee, C. J., and Varian and McNaughton, JJ., concur.

Petition for rehearing denied.