557 P.2d 1118

Margaret WISDOM, Plaintiff-Appellant,

v.

Mark S. HENDERSON and D. Ann Henderson, husband and wife, Defendants-Respondents.

No. 11822.

Supreme Court of Idaho.

Dec. 23, 1976.

Bruce O. Robinson, Nampa, for plaintiff-appellant.

James B. Lynch of Imhoff, Lynch & Davis (formerly of Coughlan, Imhoff & Lynch), Boise, for defendants-respondents.

PER CURIAM.

This is an appeal from a judgment rendered following a non-jury trial denying certain damages sought by plaintiff-appellant Margaret Wisdom allegedly resulting from a one-vehicle automobile accident.

Wisdom was a passenger in an automobile driven by defendant-respondent Ann Henderson, when it was involved in a minor one-car accident. Wisdom struck her head on the rear view mirror mounted inside the automobile. Prior to the accident Wisdom had a long history of severe headaches which had resulted in treatment, medication and hospitalization. She contends that the accident aggravated that pre-existing disposition toward migraine headaches.

Following trial, the district court entered judgment awarding Wisdom $1,000 damages for a cervical strain resulting from the accident, but denying her damages for the alleged aggravation of her pre-existing tendency toward migraine headaches. The sole question presented on this appeal is whether the trial judge erred in finding that the injuries sustained by Wisdom did not aggravate the pre-existing migraine headache condition of Wisdom.

It is a well established rule of this Court that the findings of the trial court will not be disturbed when they are supported by substantial, competent albeit conflicting evidence. I.C. § 13–219; *In re Koshman's Estate*, 77 Idaho 96, 288 P.2d

652 (1955); *Church v. Roemer,* 94 Idaho 782, 498 P.2d 1255 (1972); *Weaver v. Pacific Finance Loans,* 94 Idaho 345, 487 P.2d 939 (1971). Here, the result sought by plaintiff-appellant is not supported by the expert medical testimony. As to the remaining testimony tending to support plaintiff-appellant's claim of aggravation of the pre-existing disability, such was within the realm of the discretion of the trial judge as to his assessment of the weight and credibility to be assigned thereto. We will not substitute our judgment therefor. *Dunclick, Inc. v. Utah-Idaho Concrete Pipe Co.,* 77 Idaho 499, 295 P.2d 700 (1956).

Judgment affirmed. Costs to respondent.