585 P.2d 1276

Michael E. JENSEN and Linda Jensen, husband and wife, Plaintiffs,

v.

Randy SHANK and Lucille Arlene Shank, husband and wife, Defendants and Respondents,

and

Twin Falls Highway District, a Municipal Corporation, Defendant.

David W. DEPUY, personal representative of the Estate of Bruce P. Thain, Deceased, Defendant and Appellant and Cross-Claimant,

v.

Randy SHANK and Lucille Arlene Shank, husband and wife, Cross-Defendants and Appellants,

and

Twin Falls Highway District, a Municipal Corporation, Cross-Defendant.

Michael E. JENSEN and Linda Jensen, husband and wife, Plaintiffs and Appellants,

v.

Randy SHANK and Lucille Arlene Shank, husband and wife, Defendants and Respondents,

and

Twin Falls Highway District, a Municipal Corporation, Defendant.

David W. DEPUY, personal representative of the Estate of Bruce P. Thain, Deceased, Cross-Claimant,

v.

Randy SHANK and Lucille Arlene Shank, husband and wife,

and

Twin Falls Highway District, a Municipal Corporation, Cross-Defendants.

Nos. 12672, 12619.

Supreme Court of Idaho.

Oct. 4, 1978.

Rehearing Denied Nov. 20, 1978.

Jay Sudweeks, of May, May, Sudweeks & Fuller, Twin Falls, for appellant Jensens.

Donald W. Lojek, of Moffatt, Thomas, Barrett & Blanton, Boise, for appellant and counterclaimant DePuy.

Bert Larson, of Parry, Robertson, Daly & Larson, Twin Falls, for respondent Shanks.

BAKES, Justice.

On July 12, 1975, Bruce Thain was driving a car in which Michael and Linda Jensen were passengers. At an intersection Thain's car collided with a car driven by Lucille Shank. The intersection was supposed to be controlled by a stop sign from Thain's direction, but the sign had been removed by some unknown persons. Thain died in the accident, and Michael and Linda Jensen and Lucille Shank were injured.

The Jensens sued Lucille Shank and her husband Randy, the Twin Falls Highway District and David W. DePuy, the personal representative of the Thain estate. DePuy, as personal representative, crossclaimed against the Shanks and the highway district. It was later agreed that the liability and damage issues would be tried separately.

Following a trial on the liability issue, a jury returned a special verdict addressing only the issue of liability and finding the Jensens and the Shanks to be without negligence. The special verdict attributed 15% of the negligence to the deceased Bruce Thain, 25% to the Twin Falls Highway District, and 60% to the unknown persons who removed the stop sign. Thus, DePuy prevailed on his crossclaim against the highway district but did not prevail on his crossclaim against the Shanks. Likewise, the Jensens prevailed on their suit against DePuy and the highway district, but not on their claim against the Shanks.

Based on the special verdict, the district court entered a judgment ordering that the Jensens take nothing on their complaint against the Shanks and that DePuy take nothing on his crossclaim against the Shanks. The court awarded costs to the Shanks against the Jensens and DePuy and the court included in that award of costs an award of attorney fees pursuant to I.C. § 12–121.[1] In these two appeals the Jensens and DePuy challenge that award of attorney fees. The other issues in the suit have all been settled, leaving the question of attorney fees the only remaining issue in the case.

It is our view that the district court did not err in awarding the Shanks attorney fees pursuant to I.C. § 12–121 and that the district court properly included the attorney fees as costs. *See Idah-Best, Inc. v. First Security Bank of Idaho*, 99 Idaho 517, 584 P.2d 1242 (1978). The application of I.C. § 12–121 to a claim for relief which arose prior to the enactment of that section but tried after the section became law is not an improper retroactive application of that section since we view its provision as remedial and procedural and not as affect-

---

1. "12–121. ATTORNEY'S FEES.—In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees."

ing the substantive claim for relief. 2 C. Sands, Sutherland Statutory Construction § 41.09 (4th ed. Supp.1978); *see Brainard v. Coeur d'Alene Antimony Mining Co.*, 35 Idaho 742, 208 P. 855 (1922).

The district court expressly provided that the liability for the Shanks' attorney fees was a joint and several obligation of both the plaintiffs Jensen and the defendant and crossclaimant DePuy, suggesting that the court would later entertain a motion to allow a proration of the attorney fees between the Jensens and DePuy.[2] However, we do not view the liability for the attorney fees as being joint and several under these circumstances. The trial court should have determined separately the amount of the total attorney fees which were attributable to the defense of the main action of plaintiffs Jensen, and how much was attributable to the defense of the crossclaim of DePuy, and then awarded those claims separately.

Judgment affirmed in part and reversed in part, and remanded.

SHEPARD, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.

---

2. The district court stated:
   "This memorandum of costs and disbursements was not proposed as against any one defendant nor in any particular percentage as to defendants. And I think it is joint and several.

   "If one feels there has been too much paid, then perhaps a motion for contribution or something like that might in the future be advisable. But I don't think it should be at this time segregated."