647 P.2d 773

NEILSEN AND CO., a co-partnership consisting of Craig Neilsen, Gwen Neilsen and The Ray Neilsen Trust, Craig Neilsen, Trustee, Plaintiff-Respondent,

v.

CASSIA AND TWIN FALLS COUNTY JOINT CLASS A SCHOOL DISTRICT 151, a political subdivision of the State of Idaho, Defendant-Appellant,

and

Leslie Mitchell, d/b/a Mitchell Construction Co., Defendant.

No. 13664.

Court of Appeals of Idaho.

June 22, 1982.

Herman E. Bedke, Burley, for defendant-appellant.

Stephen R. Thomas and Jeffrey A. Strother of Moffatt, Thomas, Barrett & Blanton, Boise, for plaintiff-respondent.

SWANSTROM, Judge.

In 1975 the Supreme Court considered this case for the first time. *See Neilsen & Co. v. Cassia and Twin Falls County Joint Class A School District 151*, 96 Idaho 763, 536 P.2d 1113 (1975) (hereinafter *Neilsen I* ). In that opinion, the Court held that the School District violated I.C. § 67–2310 by awarding a building contract to a contractor who had listed a nonqualified mechanical subcontractor in its bid. The Court also held that Neilsen, the lowest responsible bidder, should be awarded damages incurred in bidding the contract. On remand the trial court allowed damages for time expended, overhead, and profit on the bid. The court also allowed attorney fees to the Neilsens.

The School District appeals the trial court's award, contending that (1) Neilsen has no standing to claim damages, (2) the damages awarded are excessive, and (3) the

allowance of attorney fees was error. We hold that the doctrine of the law of the case precludes the School District from challenging Neilsen's standing. We affirm the judgment, except for the profit allowed on the cost of Neilsen's bid. We also affirm the award to Neilsen of attorney fees at trial.

## I.

The School District argues that Neilsen has no standing to bring suit for damages because the intended beneficiary of I.C. § 67–2310 is the public and not the contractor whose bid should have been, but was not, accepted. However, the Court in *Neilsen I* necessarily found that the losing contractor had standing, because it instructed the trial court to award the contractor damages. Although *Neilsen I* does not address specifically the issue of standing, and therefore the opinion's weight as authority for the proposition that a losing contractor has standing to sue for damages is lessened, the doctrine of "the law of the case" prohibits us from reviewing the Supreme Court's finding.

The doctrine of "the law of the case" was enunciated in *Hall v. Blackman*, 9 Idaho 555, 75 P. 608 (1904). In *Hall* the Court stated that a new trial was unnecessary and remanded the case to the trial court for modification of the findings of fact and judgment. The respondent on the appeal applied for a rehearing, arguing essentially the same points argued in his original appellate brief. This application for rehearing was denied. On remand, the respondent sought to introduce new evidence. The trial court refused to allow the introduction of any new testimony. The former respondent became an appellant, contending that the trial court erred in refusing the new evidence. In rejecting this contention the Supreme Court made the following comments concerning its prior decision.

> The questions there determined have become *res adjudicata*, and are no more open to re-examination or reconsideration by this court than they would be open to re-examination and reconsideration by

the trial court. The case was not sent back for a retrial, but merely for a modification of the judgment in accordance with the conclusions reached by this court, and the opinions filed upon that appeal became the law in this case, and whatever the opinion of the court might be at this time as to the correctness of the conclusions there reached or the soundness of any legal principle there announced, its judgment cannot now be invoked to disturb such questions as have become a final adjudication in the case.

9 Idaho at 558–59, 75 P. at 609.

> There must necessarily be an end to litigation in any given case; but that object can never be attained if an appellate court can re-examine, upon subsequent appeals, the same questions which it has previously examined, and the fact that it may have made a mistake or committed an error will not warrant a re-examination and reconsideration upon another appeal in the same case. The court is at liberty, in a separate and independent case, to depart from any rule or principle which it may have announced that it afterward determines unsound or unwise to follow, but the conclusion reached becomes final and the law of the case in which it was announced.

9 Idaho at 560, 75 P. at 609.

The School District argues that the effect of a decision, precluding it from contesting Neilsen's standing to recover damages, will be to deprive it from being heard on the issue. While it is true that the issue of the right to recover damages was not raised in the statement of issues by Neilsen in *Neilsen I*, the issue was still before the Supreme Court on appeal. Idaho Code § 1–205 requires the Supreme Court when remanding a case for further proceedings to "pass upon and determine all the questions of law involved in the case presented upon such appeal...." The fact that an issue decided is not specifically and separately assigned by the parties as error does not alter this duty. *See Barry v. Arrow Transportation Co.*, 80 Idaho 447, 454, 333 P.2d 1008, 1012 (1958). Once the Supreme Court reached this issue,

the School District had the opportunity to contest the decision via a motion for rehearing under I.A.R. 42 if it felt the decision to award damages was error. No application for rehearing was made.[1] We affirm the trial court's decision to award damages.

## II.

■ The School District contends that the damages awarded to Neilsen are excessive. We agree and remand to the district court with direction to reduce the damage award.

The Supreme Court, in directing the district court to award damages to Neilsen, failed to give the lower court any guidance on how to determine these damages. However, those jurisdictions that have allowed the recovery of damages by a disappointed lowest responsible bidder have done so based upon the breach, by the contracting authority, of an implied contract to fairly consider each bid in accordance with all applicable statutes. *E.g., Paul Sardella Construction Co. v. Braintree Housing Authority*, 3 Mass.App. 326, 329 N.E.2d 762 (1975), remanded for determination of damages, 371 Mass. 235, 356 N.E.2d 249 (1976). In *Sardella* the Court found that the proper remedy for the breach of the implied contract "is to allow recovery of the cost of preparing the general contractor's bid...." 356 N.E.2d at 254. We believe this is the appropriate remedy where, as here, injunctive relief is no longer feasible.[2]

Neilsen presented substantial evidence that its out-of-pocket costs consisted of wages and overhead expenses in the amount of $6,123.60. The School District provided evidence indicating that these costs should have been considerably less.

Where the trial court's findings are supported by substantial competent, although conflicting evidence, we will not disturb those findings on appeal. *Wisdom v. Henderson*, 98 Idaho 45, 557 P.2d 1118 (1976). In its memorandum decision the trial court found that had Neilsen prepared and provided its bid at the request of the School District it would have charged the School District a "margin for profit." The trial court found that 25% of Neilsen's out-of-pocket expenses for preparing the bid was a reasonable profit margin. The trial court added 25% of $6,123 or $1,530.90 profit in arriving at the total damage award. We believe that such profit falls outside the "cost of preparing the general contractor's bid," within the meaning of *Sardella*, and it is not a proper element of damages. We therefore remand to the district court with direction to reduce the judgment by $1,530.90.

## III.

■ The trial court awarded Neilsen attorney fees in the amount of $7,000 under I.C. § 12–121. The School District contests this award on the ground that I.C. § 12–121 was not enacted until after the amended complaint in this action was filed. This is correct. However, in *Jensen v. Shank*, 99 Idaho 565, 585 P.2d 1276 (1978), our Supreme Court said:

> The application of I.C. § 12–121 to a claim for relief which arose prior to the enactment of that section but tried after the section became law is not an improper retroactive application of that section since we view its provision as remedial and procedural and not as affecting the substantive claim for relief.

1. When questioned at oral argument about the failure to seek a rehearing before the Supreme Court, the School District's attorney argued that he had thought the Court's statement concerning recovery of damages was dictum. We believe, however, that the statement "[d]amages should be awarded" together with an order remanding the case for a "determination" of those damages gave the appearance of more than dictum.

2. As already noted, our decision in this case rests upon the doctrine of "the law of the case." As such, our adoption of this rule of damages does no more than provide us with a means by which to gauge the trial court's award of damages. We express no view on the question of whether, in future cases, damages will be available to the lowest responsible bidder where there has been a violation of a public bidding statute. The law in this area remains unchanged by our decision.

99 Idaho at 566, 585 P.2d at 1277. The trial in this action took place in October, 1979, after enactment of § 12–121. Therefore, I.C. § 12–121 was applicable. We affirm the trial court's award of attorney fees.

Neilsen urges this Court to award attorney fees on appeal under I.C. § 12–121. *Neilsen* cites *McKay Construction Co. v. Ada County Board of County Commissioners*, 99 Idaho 235, 580 P.2d 412 (1978). In *McKay* the Court held the contractor was entitled to attorney fees at trial and on appeal because McKay had, in effect, acted as a private attorney general in successfully contesting an improper award of a public contract to a bidder who had not furnished certain statutorily required bonds. *McKay* was decided before the decision in *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). In our view, the decision in *Minich* is applicable to the appeal in this case. *Minich* narrows the circumstances under which attorney fees can be awarded on appeal, under § 12–121, even to a litigant who has successfully acted as a private attorney general. Reviewing the circumstances of this litigation, we conclude the appeal was brought in good faith and that it presented genuine issues of law. Accordingly, under *Minich* we decline to award attorney fees on appeal. Costs to respondent.

We remand to the district court for entry of an amended judgment.

WALTERS, C. J., and BURNETT, J., concur.