[No. 2384]

E. S. BERNEY, PETITIONER, *v*. W. B. ALEXANDER, GEORGE K. EDLER, AND JAMES M. LEONARD, DIRECTORS OF DEPARTMENT OF HIGHWAYS, AND C. C. COTTRELL, STATE HIGHWAY ENGINEER, TOGETHER CONSTITUTING THE DEPARTMENT OF HIGHWAYS, RESPONDENTS.

[178 Pac. 978]

1. STATES—MEMBER OF LEGISLATURE—QUALIFICATION AS CONTRAC-
 TOR.
    Rev. Laws, 2827, making it unlawful for any member of the legislature to become a contractor under any contract authorized by the legislature of which he is a member, does not prohibit a member of the legislature from entering into a contract for the construction of highways, which contract grew out of a legislative enactment passed by a former legislature of which he was not a member.

ORIGINAL PROCEEDING in mandamus by E. S. Berney against W. B. Alexander and others, to compel the execution of a contract for highway construction. **Peremptory writ issued.**

*Hoyt, Gibbons, French & Henley,* for Petitioner:

Section 2827 of the Revised Laws is plain and unambiguous. Its purpose is to prevent a public official from participating in the profits of a public contract, but it cannot be seriously or successfully contended that the

statute can prevent a member of the state legislature of 1919 from being a contractor for work authorized by a preceding legislature.

The highway act of 1917 was amended by the legislature of 1919, but not in regard to the route covered by the contract in controversy. The amendment left the original highway act practically unaffected. Where an act is amended, those portions unchanged by the amendment are deemed unaffected by the amendment, and to have been continuously in force from the date of the enactment of the original act. "The effect of an amendment to a statute made by enacting that the 'act is hereby amended so as to read as follows,' and then incorporating the changes or additions with that portion of the former act that is retained, is not that the portions of the amended act which are merely copied from the original act are to be considered as having been repealed and again reenacted. The part which remains unchanged is to be considered as having continued to be the law from the time of its first enactment. Holbrook v. Nichol, 36 Ill. 167; Kamerick v. Castleman, 21 Mo. App. 590; Parsons v. Circuit Judge, 37 Mich. 290; Walker v. State, 7 Tex. App. 256, Suth. St. Const. sec. 134." State v. Horton, 21 Nev. 304.

*L. B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General, for Respondents:

The section of the statute in question in this proceeding is not ambiguous or uncertain in any particular. Its grammatical meaning is plain. The phrase "by or for the alderman or common council, board of trustees, or board of county commissioners of which he is a member" is an independent phrase completing a classification. By no construction can the words which are a part of the phrase, to wit, "of which he is a member," be made to qualify the preceding phrase, namely, "or by or for the state or any department thereof, or the legislature or either branch thereof." If it be otherwise

held, then the phrase "of which he is a member" must relate back to the word "state," for there is no sound reason why, if this phrase qualifies a part of the preceding phrase, it does not apply to every class therein enumerated. The true grammatical construction of the section is that each of the phrases is independent in itself, enumerating the classes that do not qualify the classes enumerated in the other phrase. Declaring clearly what it means, the section requires no interpretation. Ruggles v. Illinois, 108 U. S. 506; Commissioners v. Brewster, 42 N. J. Law, 129; Endlich, Interp. Stats. 34; Lewis, Sutherland, Stat. Constr., vol. 2, sec. 367.

If there is a possibility, no matter how remote, as distinguished from a probability, that the award of the contract, or the consummation thereof, could influence the official conduct of the legislator toward the department with which he proposes to contract, the section in question is operative and becomes a steadfast rule, from which there can be no deviation. 13 C. J. 435, et seq. It is immaterial whether or not the contractor had any direct part in his official capacity in the letting of the contract. Capron v. Hitchcock, 98 Cal. 427. Nor is the question whether or not the contract is an advantageous one for the public to be considered. Smith v. Albany, 61 N. Y. 44; People v. Township Board, 11 Mich. 222; Grand Island v. West, 45 N. W. 242; Noble v. Dawson, 177 Ind. 19. "The law will not permit public servants to place themselves in a situation where they may be tempted to do wrong, and this it accomplishes by holding all such employments, whether made directly or indirectly, utterly void." Waymire v. Powell, 338; In Re Question Submitted, 108 Me. 552.

By the Court, COLEMAN, C. J.:

This is an original proceeding in mandamus.

The petition alleges that the respondents are and constitute the department of highways of the State of Nevada, and as such are charged with the duty of

executing all contracts for the construction of state highways within this state for which they have adver-- tised for and accepted bids in accordance with law; that prior to the filing of the petition said department of highways determined that a certain portion of state highway, route 4, be built in Nye County, and as by law provided resolved to let the contract for the construction thereof, and in pursuance thereof - advertised for bids for the building of a certain portion of said route 4; that in accordance with law petitioner made a bid for the performance of said work, and accompanied such bid by a certified check for 5 per cent of the amount of said bid; that the bid of petitioner was thereafter duly accepted by the respondents and the said department of highways, and the contract for the performance of said work was duly awarded to petitioner by respondents and said department of highways in the manner provided by law; that thereafter, and within ten days after notice of said award, petitioner signed, executed, and delivered to respondents and said department of highways, together with a bond as required by law, a contract for the performance of said work, which was accompanied by plans and specifications, which contract had been prepared by respondents for execution by petitioner, with a request that the said contract be executed by respondents; that respondents refused to execute the same, for the reason that petitioner is a member of the present legislature of the State of Nevada. The petition further shows that the petitioner has no plain, speedy, or adequate remedy at law.

To the petition an answer was filed, wherein it is admitted that petitioner has no plain, speedy, or adequate remedy at law, and as a defense pleads section 2827 of the Revised Laws of 1912, which reads:

"It shall not be lawful for any officer of state, or member of the legislature, alderman, or member of the common council of any city in this state, or for the trustees of any city, town, or village, or for any county

commissioners of any county, to become a contractor under any contract or order for supplies, or any other kind of contract authorized by or for the state, or any department thereof, or the legislature, or either branch thereof, or by or for the aldermen or common council, board of trustees, or board of county commissioners of which he is a member, or to be in any manner interested, directly or indirectly, as principal, in any kind of contract so authorized."

The section pleaded in the answer as a defense to the proceeding, when stripped of all matter not pertinent to this proceeding, and relating to legislators only, reads:

"It shall not be lawful for any   *   *   *   member of the legislature   *   *   *   to become a contractor under any contract   *   *   *   authorized by   *   *   *   the legislature   *   *   *   of which he is a member.   *   *   *"

There is no need to take into consideration any part of the statute in question relating to any other person than a legislator, because the alleged disqualification of petitioner to enter into the contract in question is dependent solely upon his being a member of the legislature.

The statute in question, when divested of all matter save that pertaining solely to a legislator, is so clear and unambiguous that there is no room for construction. It says in plain language that no member of the legislature shall become a contractor under any contract authorized by the legislature "of which he is a member." The contract in question grows out of a legislative enactment passed at a session of the legislature of 1917, of which petitioner was not a member. There is nothing in the statute prohibiting a member of one legislature from becoming a contractor under a contract authorized by a previous legislature, of which he was not a member, as in the instant case. To argue the matter is to cloud rather than to clarify the statute. Every statute must be construed in the light of its purpose. State v. Brodigan, 37 Nev. 488, 143 Pac. 306; Colburn v. Wilson, 24 Idaho, 94, 132 Pac. 579. What is the purpose of the statute?

Clearly its purpose is to prevent a legislator from benefiting from an act of the legislature of which he is a member, in order that no temptation may exist as an inducement for his voting for a bill which may result in his personal gain rather than in the welfare of the state. This being the plain purpose of the act, it needs no argument to show that it could not have been the intention of the legislature, in enacting the statute quoted, to preclude a member of one session of the legislature from becoming a contractor under a contract authorized by a legislature of which he was not a member.

This conclusion is so clearly the correct one that it seems useless to give reasons therefor; in fact, the statute seems so plain that we do not see how we can make it plainer. It would seem as useless to argue that when an apple becomes detached from the stem which holds it to the tree it will fall to the ground; that water runs down hill, or that the sun radiates light and heat, as to undertake to demonstrate further that the statute in question in no way affects the contract under consideration. It is said, in Ruggles v. Illinois, 108 U. S. 526, 2 Sup. Ct. 832, 27 L. Ed. 812:

"But Vattel's first general maxim of interpretation is that 'It is not allowable to interpret what has no need of interpretation,' and he continues: 'When a deed is worded in clear and precise terms—when its meaning is evident and leads to no absurd conclusion—there can be no reason for refusing to admit the meaning which such deed naturally presents. To go elsewhere in search of conjectures, in order to restrict or extend it, is but to elude it.' Vattel, Law of Nations, 244. Here the words are plain and interpret themselves."

See, also, Commissioners v. Brewster, 42 N. J. Law, 129; Endlich, Interp. Statutes, 24; 2 Lewis, Sutherland, Stat. Const. sec. 367.

It is claimed, however, that there have been bills introduced during the present session of the legislature affecting the department of highways, but nowhere is it

contended that any such proposed acts would affect in the slightest degree the contract in question; nor is it contended that any act could be passed by the present session of the legislature which would benefit petitioner because of such contract. If such a situation should arise, no doubt there would be some remedy in behalf of the state.

Entertaining these views, it follows that a peremptory writ of mandamus should issue, and it is ordered accordingly.

SANDERS, J., being indisposed, did not participate in the consideration of this case.