CHARLES CULVERWELL, PETITIONER, v. SARAH GENTRY ROSS, CLERK OF THE COUNTY OF LINCOLN, STATE OF NEVADA, RESPONDENT.

No. 3248

September 21, 1938.          82 P.(2d) 1076.

*J. A. Sanders,* for Petitioner:

*Jo G. Martin,* District Attorney; *Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General, for Respondent:

## OPINION

By the Court, DYSART, District Judge:

This is an original proceeding for a writ of mandate to compel the respondent, Sarah Gentry Ross, as county clerk of the county of Lincoln, State of Nevada, to place the name of petitioner, Charles Culverwell, upon the official primary election ballot for nomination, by the democratic party, as a candidate for the office of sheriff of said Lincoln County, to be voted for at the primary election to be held September 6, 1938.

Respondent in justification of her actions in refusing to accept petitioner's declaration of candidacy and her refusal to place petitioner's name on said primary election ballot, alleges in substance: "That petitioner offered such declaration for filing on Saturday afternoon of August 6, 1938, the last day allowed by law for filing the same; and that the statute fixing the regular office hours of the various county clerks of the State of Nevada, namely, sec. 2045 N. C. L., provides that her office be kept open only from 9 o'clock a. m. to 12 o'clock noon, on Saturdays; that sec. 2408 N. C. L. provides that such declaration must be filed not less than thirty days prior to the primary election; and that sec. 2409 N. C. L. provides that such declaration shall be filed during regular office hours. The sole question to be determined in this proceeding is: Was the respondent, as such county clerk, required by law to accept for filing, on Saturday afternoon, the declaration of candidacy of petitioner and place his name on the official primary election ballot as a candidate for nomination by the democratic party when such last day

for filing such nomination falls on Saturday? The petition alleges, and the answer admits, the facts to be substantially as follows: That the petitioner is a qualified elector of the county of Lincoln, State of Nevada; that petitioner is a member of the democratic party; that on Saturday, the 6th day of August 1938, at the hour of 3:25 p. m. of said day he delivered to respondent, as such county clerk, his declaration of candidacy together with the necessary filing fee of $40 for the purpose of having his name placed upon the official primary ballot as a candidate for nomination by the democratic party for the office of sheriff of said Lincoln County at the primary election to be held on September 6, 1938; that said 6th day of August was Saturday and the last day for filing declarations of candidacy and that respondent refused to place the name of petitioner upon said official primary ballot for the reason that the said declaration of candidacy was presented for filing on Saturday afternoon and not within regular office hours as fixed by sec. 2045 N. C. L.

The matter was orally argued by counsel for the respective parties and submitted to the court and by stipulation in open court it was ordered that the court upon reaching its conclusion should enter its order in accordance therewith and later file its decision. By a majority conclusion the court entered its order on the 17th day of August 1938, directing that a peremptory writ issue, commanding respondent to place petitioner's name upon the official primary ballot of the primary election to be held on September 6, 1938, as a candidate for nomination by the democratic party for the office of sheriff of said Lincoln County, Nevada. In determining the question before the court it is simply a matter of construing secs. 2045, 2408 and 2409 N. C. L. 1929, and of acts of which said sections may be amendments. It will be noted that sec. 2045 N. C. L. which fixes the regular office hours of various county officers, including the several county clerks, of this state, was originally

enacted March 29, 1907, page 373, and provides that certain county officers, including county clerks, "shall keep an office at the county seat of their county, which shall be kept open on all days except Sundays and non-judicial days, from nine o'clock a. m. to 12 o'clock a. m., and from one o'clock p. m. to five o'clock p. m. for the transaction of public business; * * *." So it will be noted that said sec. 2045 N. C. L., as originally enacted, required county clerks to keep their offices open on Saturday afternoons. It will also be noted that said sec. 2408 N. C. L., which was a part of the act of March 23, 1917, regulating the nomination of candidates for public office in the State of Nevada, provides, "Every candidate for nomination for any elective office not less than thirty days prior to the primary shall file a declaration * * * of candidacy in substantially the following form:" then follows the prescribed form. The said original act of March 23, 1917, did not require that such declarations be filed during regular office hours, however, by an act of the legislature, approved March 23, 1927, sec. 6 of said original act was amended and is now sec. 2409 N. C. L., and provides that all declarations of candidacy shall be filed "during regular office hours." The said act of March 23, 1917, requires that all declarations of candidacy for county offices be filed with the clerk not less than thirty days prior to the primary election and which is now known as subdivision (a) of said sec. 2408 N. C. L. has ever since remained in full force and effect, and the said Act of March 29, 1907, fixing the regular office hours of various county officers including county clerks, was amended March 27, 1929, and which is now known as said sec. 2045 N. C. L., and by said amendment county clerks are not required to keep their offices open on Saturdays from 1 o'clock p. m. to 5 o'clock p. m. for the transaction of public business. Counsel for respondent lay considerable stress upon the fact that the law which now fixes the regular office hours of the various county officers does not require

respondent, as county clerk,.to keep her office open on Saturday afternoons, and contend that Saturday afternoons were therefore not a part of the regular office hours, and that inasmuch as the statute (sec. 2409 N. C. L.) provides that all declarations of candidacy shall be filed during regular office hours, respondent therefore acted within her rights. However, the said amendment of 1929, after fixing the regular office hours, contains the following proviso: "* * * that nothing contained herein shall be construed so as to interfere with any duty now required of any public official under any of the election laws of this state." And since, at the time the said amendment of 1929 was enacted, it was then the duty of county clerks of this state to receive and file declarations of candidacy of any qualified elector, "not less than thirty days prior to the primary election," which included Saturdays from 9 o'clock a. m. to 12 o'clock noon and from 1 o'clock p. m. to 5 o'clock p. m., and this being a duty imposed upon county clerks by the primary election law at the time said amendment of 1929 was enacted, we are of the opinion that the above-quoted proviso continued that requirement of the law in full force and effect. We are of the opinion that the conclusion here reached is supported by the rule announced by this court in the case of State ex rel. Maxson v. Brodigan, 37 Nev. 488, 143 P. 306, where this court held the well-settled rule to be "that penalties and forfeitures are not favored unless clearly expressed," and that a qualified elector should not be deprived of the right to have his name placed on the ballot "unless the statute clearly directs that such should be the result." [Page 307.] And in the instant case we find no statute which "clearly directs" that petitioner's name should be left off the ballot. To hold otherwise would, in effect, be holding the above-quoted proviso to be meaningless.

For the reasons given, it is hereby ordered that the

order directing said peremptory writ of mandate to issue will stand as heretofore ordered.

DUCKER, J.; I concur.

TABER, J., dissenting:

The 1927 amendment to the primary election law, N. C. L., sec. 2409, provides that declarations of candidacy for county offices shall be filed "during regular office hours." At that time county clerks were required to keep their offices open on Saturday afternoons by virtue of the county officers office-hour statute of 1907, Stats. 1907, p. 373, an entirely separate statute, not relating in any way to election laws. In 1929 said office hours law was amended, N. C. L., sec. 2045, so that county clerks and certain other county officers would not be required to keep their offices open on Saturday afternoons; "provided, that nothing contained herein shall be construed so as to interfere with any duty now required of any public official under any of the election laws of this state." It is the opinion of the majority of this court that the foregoing proviso allows candidates for county offices to file declarations of candidacy on Saturday afternoons.

It seems clear to me that by the 1927 amendment to the primary law, it was the intention of the legislature to end all uncertainty and confusion regarding the hours within which candidates for office may and must file their declarations. I do not think that the legislature, in using the words "during regular office hours," intended to specify what those hours should be; that was a matter to be taken care of by separate office-hour legislation.

The duty of county clerks, before 1929, to keep their offices open on Saturday afternoons, was not a duty under any of the election laws of this state. To hold, therefore, as I think we should in this case, that when a candidate for a county office files his declaration of candidacy on a Saturday, such declaration must be filed not

later than noon of that day, would not interfere with any duty now required of county clerks under any of the election laws of this state.

Under the majority opinion, the county clerks were required to accept filings of declarations of candidacy for county offices not only in the afternoon of August 6, but also on at least two of the Saturday afternoons next preceding that date. I do not think such was the legislative intent.

Reading together secs. 2408, 2409, and 2405 N. C. L. 1929, I am clearly of the opinion that petitioner's filing of his declaration of candidacy on the afternoon of Saturday, August 6, 1938, was unlawful, and that his name should not have been placed on the ballot for the primary election. Being of that opinion, I think the alternative writ should have been dismissed, and the petition for writ of mandamus denied.