JOEL EDWARD THOMAS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6711

June 22, 1972                    498 P.2d 1314

*Robert G. Legakes,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Charged with the crime of rape at age 16, appellant was duly certified to be tried as an adult. NRS 62.080. He pleaded guilty to a reduced charge of assault with intent to commit rape. NRS 200.400. After the Department of Parole and Probation had submitted a report of its presentence investigation, the court sentenced appellant to eight years in prison, as the report recommended. On appeal, appellant claims the court erred because:

(1) the report did not contain a "statement either that such recommendation is the normal punishment for like offenses in the United States or of the reasons for recommending a punishment more or less severe than the normal," as NRS 176.145 contemplates;[1]

---

[1] 176.145 *Report of the presentence investigation.* The report of the presentence investigation shall contain:

1. Any prior criminal record of the defendant;

2. Such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant;

3. A recommendation of a definite term of confinement, amount of fine or both, with a statement either that such recommendation is the normal punishment for like offenses in the United States or of the reasons for recommending a punishment more or less severe than the normal; and

4. Such other information as may be required by the court.

(2) the report referred to appellant's juvenile record, without a disclosure order from the court's juvenile division.[2]

Neither contention has merit.

1. "Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature." Ewing v. Fahey, 86 Nev. 604, 607, 472 P.2d 347, 349 (1970). "So also it is always the first great object of the courts in interpreting statutes, to place such construction upon them as will carry out the manifest purpose of the legislature, and this has been done in opposition to the very words of an act." Gibson v. Mason, 5 Nev. 283, 311 (1869). A statute must be construed in the light of its purpose, Berney v. Highway Department, 42 Nev. 423, 178 P. 978 (1919); and it must be construed as a whole, Ex parte Iratacable, 55 Nev. 263, 30 P.2d 284 (1930). All this in mind, we turn to consider the intent of NRS 176.145.

The apparent intent is not to limit the court's jurisdiction, but to specify how the Department of Parole and Probation shall aid the court. If "shall" is mandatory, the command is that the Department is required to supply available information that is commonly helpful in sentencing, not that the court, as a condition to sentencing, must require information it believes unnecessary, unavailable, unknown, or nonexistent. This seems obvious from an examination of the whole statute. The report "shall" contain "[a]ny prior criminal record of the defendant," something most convicted felons would prefer to go undiscovered. NRS 176.145(1). The report "shall" contain certain specified personal information "as may be helpful. . . ." NRS 176.145(2). It "shall" contain "[s]uch other information as may be required by the court." If the Department does not or cannot satisfy these mandates, surely no one would contend the court is without jurisdiction to proceed. Does NRS 176.145(3) have a uniquely jurisdictional nature? We think not.

The legislature surely knew "normal punishment for like offenses" could never be determined with precision, even at

---

[2]NRS 62.270 *Records: Maintenance and inspection;* . . . 1. The court shall make and keep records of all cases brought before it. The records shall be open to inspection only by order of the court to persons having a legitimate interest therein. . . .

great cost. Thus, we think the legislature merely intended the Department to state, to the extent it can, how the recommended sentence relates to the national norm for similar offenses. If the court needs more information, then the Department, within the limits of its capacity, may have an obligation to obtain and supply it. However, when the court feels able to impose a just sentence, we feel it may proceed to do so, notwithstanding inadequacies in the Department's performance.

2. Appellant's second complaint involves no claim that the presentence report was inaccurate. Instead, he apparently contends the Department of Parole and Probation may view juvenile records only upon order of the court's juvenile division (Op. Att'y Gen. 348, July 25, 1966), making reference to the records improper, and that therefore appellant's sentence was tainted.

We need not consider the accuracy of the Attorney General's views; for appellant's premise does not justify his conclusion. In our view, an order certifying a minor to be treated as an adult carries with it not only power over the minor, but also the right to consider, for proper purposes related to the subject offense, records that relate to him. Thus, if the sentencing judge needed authority to consider appellant's juvenile record, we think it was supplied by the juvenile division's certification order.

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.