20TH CENTURY HOTEL & CASINO, LTD., D/B/A THE TREASURY HOTEL & CASINO, AND 20TH CENTURY HOTEL & CASINO CORPORATION, APPELLANTS, *v.* COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CLARK COUNTY FAIR AND RECREATION BOARD, A POLITICAL SUBDIVISION OF THE COUNTY OF CLARK, STATE OF NEVADA, RESPONDENTS.

No. 12266

March 26, 1981                                    625 P.2d 576

*Goodman, Oshins, Brown & Singer,* Las Vegas, for Appellants.

*Robert Miller,* District Attorney, and *S. Mahlon Edwards,* Deputy District Attorney, Clark County, for Respondents.

---
[3]The Governor designated The Honorable William P. Beko, Judge of the Fifth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal from the order granting summary judgment to respondents, we are required to determine whether under section 4.08.010 of the Clark County Code, the owner-lessor of a hotel property is an "operator" and thus liable for room taxes that have accrued during the tenure of the lease. The trial court ruled that it is and we affirm that determination.

Appellants, hereinafter referred to as 20th Century, owned and operated the 20th Century Hotel and Casino in Las Vegas. On February 6, 1978, 20th Century entered into an agreement with JNS Hotel Enterprises, Inc., hereinafter JNS, whereby 20th Century leased for 5 years the hotel portion of the facility to JNS, retaining operational control of the casino.

Under the lease, JNS agreed to "comply with the laws, ordinances and regulations" of all government entities, and to assume sole responsibility for "all room taxes and sales taxes assessed against [JNS] activities." 20th Century agreed to remain solely responsible for all real and personal property taxes.

During the eleven months in which JNS operated the hotel, although JNS collected the room taxes, it failed to pay to respondents, hereinafter referred to as Clark County, approximately $52,000 in room taxes. Consequently, respondents recorded a tax lien against the hotel property and instituted suit against JNS. Thereafter, 20th Century commenced the present action for declaratory relief, wherein it sought a determination that it, as owner of the property, was not subject to a lien for taxes incurred by its lessee, JNS. Clark County counterclaimed, seeking a determination that the lien and assessment were valid. Subsequently, both parties filed motions for summary judgment, and the court below rendered judgment in favor of Clark County.

Section 4.08.010 of the Clark County Code provides in part:

> There are fixed and imposed license taxes for revenues, ... on the *operators* of hotels, ... within the county and located and situated outside the limits of incorporated cities and towns therein, in addition to license taxes heretofore fixed and imposed:
>
> (a) Five percent of all monies received from room rentals by resort hotels.

(Emphasis added.) 20th Century contends that the lessee is

solely responsible for the tax indebtedness as the "operator" of the hotel. Although the term "operator" has not been explicitly defined by the county, a review of the entire enactment supports a determination that the owner-lessor is accountable for the hotel room tax.

We must construe an act "in light of its purpose and as a whole." Acklin v. McCarthy, 96 Nev. 520, 523, 612 P.2d 219, 220 (1980); Thomas v. State, 88 Nev. 382, 384, 498 P.2d 1314, 1315 (1972). Evidence of intent not to focus merely on management is found in the title of the enactment adopting section 4.08.010, "AN ORDINANCE FIXING AND IMPOSING LICENSE TAXES FOR REVENUE UPON HOTELS AND MOTELS . . . ." In addition, Clark County code section 4.08.010(a) defines a resort hotel as an "establishment renting rooms . . . and having a casino containing no less than three games." The section continues by providing that:

> It shall be immaterial as to whether or not the rooms and the casino are separately operated and/or whether separately owned and operated or not, the combination of rooms and casino shall be deemed to be one establishment and the five percent rate shall apply.

*Id.* Our determination is reinforced on consideration of NRS 244.335(3) and NRS 269.170(2), which refer to the room tax as constituting a lien upon the real property. This is compelling evidence of legal intent and it, coupled with the fact that the tax revenue is to be used for the acquisition of a convention center within Clark County, which facility would benefit both the management by increased business and the owner by the enhanced value of the investment, is most convincing. Moreover, an interpretation relieving owner-lessors of liability would spawn governmental difficulties in enforcement which were not contemplated, and which would be counter to the purpose of the ordinance. Therefore, to effectuate the purposes of the ordinance, as well as its terms, we conclude that "operator" includes both the lessor-owner and the lessee-manager. *Compare,* Magee v. Whiteacre, 60 Nev. 202, 213, 106 P.2d 751, 753 (1940) (lien allowed for improvements made by irrigation district).[1]

We affirm the summary judgment.

Gunderson, C. J., and Batjer and Mowbray, JJ., and Beko, D. J.,[2] concur.

---

[1] This opinion is not intended to affect the rights, obligations, or remedies as between lessor and lessee.

[2] The Governor designated The Honorable William P. Beko, Judge of the Fifth Judicial District Court, to sit in the place of The Honorable Gordon Thompson, Justice. Nev. Const. art. 6, § 4.