# IN THE SUPREME COURT OF THE STATE OF NEVADA

CESAR CONTRERAS-ARMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73298

FILED

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S·Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal pursuant to NRAP 4(c), from a judgment of conviction for robbery and second-degree murder with the use of a deadly weapon.[1] Second Judicial District Court, Washoe County; Patrick Flanagan, Judge. Appellant Cesar Contreras-Armas raises two contentions on appeal.

---

[1]Although the notice of appeal prepared by the district court clerk references the order entered on March 29, 2017, which resolved appellant's postconviction habeas petition, we conclude that other language in the notice of appeal that refers to a belated appeal and NRAP 4(c) is sufficient for us to infer the intent to appeal from the judgment of conviction. *Cf. Abdullah v. State*, 129 Nev. 86, 294 P.3d 419 (2013) (concluding that intent to appeal from judgment of conviction could not be inferred where the notice of appeal prepared and filed by the district court clerk stated only that the appeal was from an order entered on a specific date and the order entered on the specified date was not the judgment of conviction such that the notice did not invoke this court's jurisdiction to entertain a belated appeal from a judgment of conviction). We remind the district court clerk, however, that a notice of appeal prepared pursuant to NRAP 4(c) should specify that the appeal is from the judgment of conviction. Because the district court has authority to prepare a notice of appeal on an aggrieved litigant's behalf in limited circumstances that do not include the denial of a postconviction habeas petition, *see id.*, we lack jurisdiction to consider appellant's claims of error related to the denial of his postconviction petition.

18-18485

First, Contreras-Armas argues that the district court improperly relied on a juvenile adjudication, evidence about how he was supervised, and an officer's hearsay comments sentencing him to life in prison. We discern no plain error. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (reviewing unobjected-to error for plain error affecting substantial rights). A district court may consider evidence that may not otherwise be admissible at trial in determining an appropriate sentence. *Norwood v. State*, 112 Nev. 438, 440, 915 P.2d 277, 278 (1996). This includes a defendant's juvenile record, *see Thomas v. State*, 88 Nev. 382, 385, 498 P.2d 1314, 1316 (1972); *see also* NRS 62H.030(3)(b); NRS 62H.170(3), and even hearsay, *see* NRS 47.020(3)(c). Moreover, Contreras-Armas has not demonstrated that the evidence was impalpable or highly suspect. *See Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009).

Second, Contreras-Armas contends that the district court's consideration of juvenile civil allegations against him during sentencing violated equal protection. He argues that, as "[n]o other adult being convicted of a crime would be forced to face his juvenile drug/alcohol evaluation," it is a violation of equal protection for him to have to defend his record. We conclude that this claim lacks merit. "The Equal Protection Clause of the Fourteenth Amendment mandates that all persons similarly situated receive like treatment under the law." *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000). When a statute implicates a suspect classification or a fundamental right, it is subject to strict scrutiny. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). Contreras-Armas has not demonstrated that the classification at issue, offenders with sealed juvenile court records, is suspect under the Equal Protection Clause.

*Cf. Thomas*, 88 Nev. at 385, 498 P.2d at 1316 (recognizing that court may consider juvenile record in sentencing defendant); *see also* NRS 62E.620(9) (permitting release of information related to juvenile substance abuse counseling to juvenile court and district attorney); NRS 62H.030(3)(b) (permitting Division of Parole and Probation to inspect unsealed juvenile records to prepare PSI report). And the right at issue, privacy regarding court ordered juvenile counseling, is not a fundamental right for purposes of the Equal Protection Clause. *See J.P. v. DeSanti*, 653 F.2d 1080, 1090-91 (6th Cir. 1981) (concluding that the Constitution does not encompass a general right to nondisclosure of confidential information contained in juvenile court records). Because neither a suspect classification nor a fundamental right is at issue, rational basis review applies. *Cleburne*, 473 U.S. at 440. Contreras-Armas fails to demonstrate that the Legislature lacked a rational basis for adopting NRS 62H.030(3)(b) and NRS 62E.620(9).

Having considered Contreras-Armas' contentions and concluding that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Chief Judge, Second Judicial District Court
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

3