IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant/Cross-Respondent,
vs.
JAYSEN ALEXANDER PATTERSON,
Respondent/Cross-Appellant.

No. 78368

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal and cross-appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge. After holding an evidentiary hearing, the district court granted respondent/cross-appellant Jaysen Alexander Patterson's habeas petition and ordered a new sentencing hearing, concluding that the sentencing judge was biased against the crime of arson. We reverse.

The State argues that the district court should not have reached the merits of Patterson's judicial bias claim. Patterson waived the judicial bias claim by pleading guilty and not raising it on direct appeal, *Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (holding that "claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings," including a claim that the district court was biased), and the claim fell outside the limited scope of a postconviction habeas petition that challenges a judgment of conviction based on a guilty plea as set forth in NRS 34.810(1)(a). NRS 34.810(1)(a) permits only allegations that the plea "was involuntarily or unknowingly entered" or "was entered without effective assistance of counsel," the latter of which would require Patterson to show a reasonable

20-18584

probability that he would not have pleaded guilty and would have proceeded to trial, *Kirksey v. State*, 112 Nev. 980, 988, 999, 923 P.2d 1102, 1107, 1114 (1996). Patterson's contention that the State waived this argument by omitting it below fails because the limitation in NRS 34.810(1)(a) is mandatory. *See* NRS 34.810(1)(a) (providing that the district court "shall dismiss a petition" that challenges a judgment based on a guilty plea and does not raise certain limited claims); *State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005) (explaining that statutory bars that apply to postconviction habeas petitions are mandatory). The district court therefore erred in granting relief on the judicial bias claim.[1]

Patterson argues on cross-appeal that trial counsel should have discussed his juvenile record more effectively during the sentencing hearing and should have objected to the sentencing court's references to his juvenile offenses. These claims likewise fell beyond the scope of claims permitted in a postconviction habeas petition challenging a judgment of conviction based on a guilty plea as stated in NRS 34.810(1)(a). Moreover, Patterson failed

---

[1]Notably, the Court of Appeals rejected Patterson's challenge to the sentence on direct appeal, concluding that the sentence reflected the evidence presented at the sentencing hearing and that the sentencing judge had not closed her mind to the evidence. *Patterson v. State*, Docket No. 68043-COA (Order of Affirmance, October 19, 2015); *see also Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1171 (1998) (recognizing that a judge's remarks in a proceeding do not show bias "unless they show that the judge has closed his or her mind to the presentation of all the evidence"). That decision is the law of the case on those matters. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (holding that "[t]he law of a first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same" and that "[t]he doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument" in later proceedings).

 

to show deficient performance or prejudice on these claims. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (providing standard for ineffective assistance of counsel claims); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984). Substantial evidence supports the district court's finding that trial counsel's approach to Patterson's juvenile record reflected a strategic decision to present Patterson's past misdeeds and subsequent efforts at rehabilitation to humanize him, and Patterson has not shown extraordinary circumstances to question counsel's strategic decision. *See Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (deferring to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing its application of the law to those facts de novo); *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) ("[T]rial counsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." (internal quotation marks omitted)). Trial counsel also testified that he did not know of any basis for an objection, and Patterson has not identified any authority suggesting that the district court's comments were in error. *See Thomas v. State*, 88 Nev. 382, 385, 498 P.2d 1314, 1316 (1972) (concluding that sentencing judge did not err in considering appellant's juvenile record). The district court therefore did not err in denying these claims.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Stiglich

cc:   Hon. Kathleen M. Drakulich, District Judge
Attorney General/Carson City
Washoe County District Attorney
Oldenburg Law Office
Washoe District Court Clerk