# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES EUGENE HERMANSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81326

FILED

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a motion to correct an illegal sentence. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.[1]

Appellant argues that his sentence is illegal because the district court did not have jurisdiction to impose a sentence for a sexual offense without a presentence investigation report. And because the district court did not have jurisdiction to impose the sentence, appellant argues that his due process rights were violated.

A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Id.* (quoting *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985)). We conclude that the district court did not err in denying the motion because appellant failed

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument that oral argument is not warranted.



to demonstrate that his sentence was facially illegal or that the district court lacked jurisdiction to impose a sentence.

While NRS 176.135(2) provides that a presentence investigation report "[m]ust be made before the imposition of sentence" for a defendant convicted of a sexual offense, nothing in this statute precludes the defendant from waiving the preparation of a presentence investigation report. *See Krauss v. State*, 116 Nev. 307, 310, 998 P.2d 163, 165 (2000) ("Generally, a defendant is entitled to enter into agreements that waive or otherwise affect his or her fundamental rights."); *State v. Lewis*, 59 Nev. 262, 277, 91 P.2d 820, 825-26 (1939) ("This court has often held that one charged with crime may waive a statutory requirement."). Here, appellant requested to waive the presentence investigation report, and the district court personally canvassed appellant to ascertain that he entered the waiver knowingly and voluntarily. The district court accepted the waiver and sentenced appellant to life with parole eligibility after 25 years, the only sentence available for the crime in this case. *See* NRS 200.366(3)(b) (providing for a sentence of life with the possibility of parole after 25 years for the crime of sexual assault on a child under the age of 16 years). At the most, imposition of a sentence without preparation of a presentence investigation report amounts to an error at sentencing, an error that does not implicate the district court's jurisdiction. *See* Nev. Const. art. 6, § 6(1); NRS 171.010; *Thomas v. State*, 88 Nev. 382, 384, 498 P.2d 1314, 1315-16 (1972) (recognizing the mandatory language in preparing a presentence investigation report, but holding that preparation of the report pursuant to NRS 176.145 was not jurisdictional); *see also United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[T]he term jurisdiction means ... the courts' statutory or constitutional *power* to adjudicate the case." (emphasis in original) (internal quotations marks omitted)). We further conclude that

the district court did not err in concluding that appellant invited the error, and he cannot now complain. *See Rhyne v. State*, 118 Nev. 1, 9, 38 P.3d 163, 168 (2002). And to the extent the presentence investigation report aids in parole consideration, classification, or other prison matters, the Division of Parole and Probation represented in earlier proceedings below that a postconviction report could be prepared as a substitute for a presentence investigation report. *See* Parole and Probation Division Directive Manual 6.3.124A ("[U]pon request of the Nevada Board of Parole Commissioners, the Division will conduct an investigation to provide the Parole Board with timely, relevant and accurate information concerning those felony-level case(s) where a Presentence Investigation Report was waived at the time of an offender/inmate sentencing."). Appellant's claim that his procedural due process rights were violated is without merit for the reasons discussed above. Therefore, we conclude that the district court did not err in denying appellant's motion and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                     Gibbons

cc:    Hon. Leon Aberasturi, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Lyon County District Attorney
       Third District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

